CASE 7—WILL CONTEST—SEPT. 28.

# Drake, Executor, Etc. v. Drake, Etc.

APPEAL FROM BULLITT CIRCUIT COURT.

1. NEW TRIAL—MISCONDUCT OF THE JURY.—A motion for a new trial on account of misconduct of the jury not caused by the successful party is insufficient unless it show affirmatively that the party making the motion was ignorant of the misconduct until after the return of the verdict.

2. SAME.—It was not error for the court to reject evidence of such misconduct where the evidence offered was not sufficient to warrant a granting of a new trial.

3. SAME.—The evidence in this case being conflicting, this court can not say the verdict is palpably against the evidence.

FAIRLEIGH & STRAUS FOR APPELLANTS.

1. The court below should have granted a new trial on account of misconduct of the jury.

2. There was not sufficient evidence to authorize the jury to return a verdict against the paper which had been probated in the county court as the last will and testament of Wesley Drake.

Citations: Jackson v. Smith, 21 Wis., 26; Thompson & Merriam on Juries, secs. 438, 439, and authorities; Com. v. Shields, 2 Bush, 81; Woods v. State, 43 Miss., 364.

CHAPEZE & HALSTEAD AND E. E. McKAY FOR APPELLEES.

The court did not err in adjourning the jury from Friday evening, December 24, to Monday morning, December 27.

Counsel discussed *seriatim* the points urged for reversal, and in support of their contention cited: Civil Code, sec. 340, subsec. 2; Idem, sec. 343; Bryan v. Com., 17 Ky. Law Rep., 965.

JUDGE HOBSON DELIVERED THE OPINION OF THE COURT.

By consent of parties in this case, the jury, while they were deliberating upon their verdict, were allowed to go home on Friday evening and not return until Monday, Saturday being Christmas. They returned on Monday, and, after several hours' deliberation, rendered a majority verdict. Appellants asked for a new trial on the ground of misconduct of the jury, and that the verdict is against

thé evidence. In support of the ground of misconduct on the part of the jury, they filed with the motion the affidavit of their attorney, stating that the witnesses who knew the facts would not give an affidavit, and they asked that the witnesses be examined orally in court. The court refused to hear the testimony orally. Whether this was right or not, we need not determine, unless the testimony offered was sufficient to warrant the granting of a new trial. They offered to show by H. M. Foster that, after the jury were allowed to separate on Friday evening, he learned from one of the jury that they stood five for the will and seven against it, and by several other witnesses that this fact was common talk in the county seat that afternoon after the jury separated. They also offered to prove that the jury in fact stood as indicated at that time, and that on Monday morning one of the jurors said before they retired to their room, and while they were yet in the court house, that he would hang the jury. This juror was one of the nine who signed the verdict.

It was very improper that any of the jury should have started anything about their deliberations, and those making the statements indicated were liable to punishment by the court. But there was not enough in this testimony to show that appellants did not have a fair trial. It frequently happens that, during the deliberation of the jury, information as to how they stand is given out when they are allowed to separate. Not uncommonly, when a jury have been out for some time, one of them will say, when further deliberation is spoken of, that he will never agree to a verdict, and yet change his mind 'upon further reflection. In Pettibone v. Phelps, 13 Conn., 445, [35 Am. Dec., 88], the rule on this subject is correctly laid down as follows:

[3]

"It is now well established by the modern authorities that every instance of misconduct in a juror will not destroy the verdict. The rule extracted from the cases seems to be that, however improper such conduct may have been, yet if it does not appear that it was occasioned by the prevailing party, or any one in his behalf, if it do not indicate any improper bias upon the juror's mind, and the court can not see that it either had or might have had an effect unfavorable to the party moving for a new trial, the verdict ought not to be set aside."

In the same case the court also well says:

"It does not appear but that the misconduct of the juror was known to the plaintiffs before the trial closed. If it was, they were bound to make the objection at the time, and not wait till after a verdict against them. Their omission to state that allegation in their motion renders it insufficient."

A party should not, with knowledge of misconduct on the part of the jury, conceal it from the court, and take the chance of a verdict in his favor, with the expectation of having it set aside if adverse to him. It did not appear that the facts offered to be shown were unknown to appellants or their counsel, and from the statement that the facts were notorious about the court house at the time, it may be inferred that they were not all ignorant of it.

The successful party appears to have been in fault, and we do not think, under all the circumstances, that he ought to be deprived of the benefit of the verdict. While the jury would have been warranted in finding a verdict in favor of appellants, we can not say that their finding for appellee is manifestly against the evidence.

Judgment affirmed.