## American Engineering and Construction Co. v. Crawford, By, et al.

(Decided February 14, 1911.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

1.  The owner of a vicious and dangerous mule is liable to a little boy kicked by it, where, with knowledge of the danger it negligently allowed the child to play about the mule without warning.
2.  The credibility of the witnesses is for the jury, and the court will not disturb a verdict because the jury accepted the conclusions of one doctor rather than those of two others.
3.  A new trial will not be granted on account of misconduct of the official stenographer known to the party at the time of the trial but not complained of until after verdict.

WEHLE & WEHLE for appellant.

J. W. S. CLEMENTS and THOS. E. HALL for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming.

Raymond D. Crawford, a little boy nine years old, brought this suit against the American Engineering and Construction Company to recover damages for an injury sustained by him from being kicked by one of its mules, working in a wagon on one of the streets of Louisville. The little boy with some friends was playing on the street, and as he passed near the mule, was kicked by him. The action to recover damages is based on the ground that the mule was a dangerous and vicious animal with a propensity to kick those who might come about him; that this was known to the defendant and its servants, and with this knowledge they used the mule upon the streets, and negligently permitted the children to come near it without warning them of the danger, and by reason of their negligence in this regard, the little boy was suffered to come near the mule on the street without warning, and he was thus injured. There was sufficient evidence of the dangerous character of the mule and of negligence on the part of the defendant's servants in charge of the team in suffering the little boys to come about it without warning, to take the case to the jury. Under instructions which are not complained of, the jury found for the plain-

tiff in the sum of $1,000, and judgment having been entered upon the verdict, the defendant appeals.

Two grounds are relied on for a reversal. The child was kicked by the mule in the stomach, and fell upon his head with such force as to cause concussion of the brain. He was quite sick for some days, was delirious from the blow upon the head, and vomited and suffered considerably from the blow in the stomach. After three or four weeks he recovered sufficiently to return to school. The injury occurred on the 22d of December, 1908; the following spring, in March or April, he showed signs of deafness. At first he was deaf in the left ear, but at the trial in December, 1909, he was also deaf somewhat in the right ear. At the time of the trial he still suffered pain from the injury, and had been under treatment of a physician since the injury occurred. The physician who treated him stated on the trial in substance that the concussion of the brain indicated congestion or inflammation, and if the child had congestion or inflammation where the auditory nerve passes, it would be reasonable that he would be deaf. His hearing was good before the injury and the deafness set up afterwards and in the time that it might reasonably be expected to result. The defendant introduced two physicians who testified that they had made an examination of the child; that his hearing was as shown by the proof for the plaintiff, but that the deafness was not due to any trouble with the auditory nerve, and was due to a catarrhal affection. It is insisted for the defendant that the verdict of the jury is palpably against the evidence, but we can not say that it is. The credibility of the witnesses is peculiarly for the jury. The jury had a right to accept the conclusion of one doctor rather than the conclusions of the two others. It was a matter of opinion, and we can not say that the jury abused a sound discretion in crediting the physician who had treated the child from the time of his injury, rather than the other two who had examined him shortly before the trial. He received a very painful injury and under all the evidence had suffered a great deal. We can not say that the verdict for $1,000 is so excessive as to warrant us in disturbing it.

It is also insisted that the official stenographer was guilty of misconduct on the trial in this: That he sat directly in front of the jury and facing them, and by look and gesture addressed to the jury during the trial,

gave clear indication of his partiality for plaintiff's side of the controversy; that by very noticeable movements he very clearly indicated satisfaction of rulings that were made by the court against the defendant, and by motions, gestures, and laughter showed his bias to the side of the plaintiff.     This complaint was first presented to the trial court on the motion for new trial by affidavits then filed.     The affidavits deal in conclusions rather than facts.     As the stenographer sat in front of the jury he necessarily would look toward them when he looked up, and it is not at all clear from the affidavits that the officer was guilty of any misconduct.     But aside from this, one of the affidavits referred to is filed by the president of the company who was present during the trial and saw what occurred.     If there was any misconduct on the part of the officer, it was incumbent upon the defendant to present the matter then and there to the court.     It could not quietly go through the trial with knowledge of the facts, take its chance of getting a verdict, and complain if the verdict was against it.     A matter of this sort must be properly brought to the attention of the court when the party knows of it, and if not then complained of, it is waived.     (Drake v. Drake, 107 Ky., 32.)

Judgment affirmed.