## Vanceburg Telp. Co. v. Bevis.

(Decided May 10, 1912.)

Appeal from Lewis Circuit Court.

1. Instructions—Evidence—Ordinary Care—Former Appeal.—The failure of the circuit court to instruct the jury that in order to find for appellee, they should believe from the evidence that she was, at the time of the accident, exercising ordinary care for her own safety, was not error; and it was because of the court's so instructing the jury on a previous trial, that the judgment was reversed on a former appeal.

2. Burden of Proof.—The burden of showing that appellee's injuries were caused by her own negligence was on the appellant. Although contributory negligence was alleged by it there was no evidence to sustain the plea, and the instructions as a whole conformed to the opinion on a former appeal.

3. Misconduct of Jury, Sheriff and Appellee's Attorney.—The alleged misconduct on the part of the jury, sheriff and appellee's at-

torney complained of on a motion for the new trial, does not authorize a reversal as it was not brought to the attention of the trial court until after the return of the verdict, though known to appellant's counsel before verdict.

WORTHINGTON & COCHRAN, SAMUEL J. PUGH and W. C. HALBERT for appellant.

R. D. WILSON, A. D. COLE and W. ELMO DARRAGH for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This is the third appeal in this case. The two former appeals were prosecuted by Fanny L. Bevis, appellee on this appeal; the opinions being reported in 121 Ky., page 182, and 132 Ky., page 386. On the first appeal the judgment was reversed for error on the part of the trial court in giving a peremptory instruction, on the plaintiff's proof, directing a verdict for the defendant. On the second appeal the judgment was reversed because of error committed by the trial court in instrucing the jury. Following the reversal a third trial was had in the court below, which resulted in a verdict and judgment in favor of the appellee, Fanny L. Bevis, for $2,000.00. The present appeal is prosecuted from that judgment. The facts relied on by appellee for a recovery are fully set forth in the opinion on the first appeal, (121 Ky. 182) and need not be repeated here, except to say that the action was brought by appellee to recover of appellant damages for injuries resulting to her from being thrown from the buggy of a friend, with whom she was riding, against one of its telephone poles, with which the buggy collided in the darkness; it being, in substance, alleged in the petition and shown by the evidence, that the pole had been so negligently set and maintained in the public road by appellant, as to obstruct the same and make travel thereon dangerous to persons in vehicles.

Although appellants' answer, after traversing the averments of the petition, alleged contributory negligence on the part of appellee and the driver of the buggy, the evidence failed to show any negligence on the part of either. It did, however, abundantly show the negligence of appellant complained of.

It is appellant's contention that the trial court erred in instructing the jury, in that it failed to tell them that

in order to find for the appellee they should believe from the evidence that the plaintiff herself was in the exercise of ordinary care for her own safety, in addition to believing the establishment of the various elements that would constitute negligence on the part of the appellant. The failure of the court to so instruct the jury was not error; indeed, it was because of the interpolation of this feature in the instructions on the second trial, that the judgment was reversed on the second appeal. (Bevis vs. Vanceburg Telephone Co., 132 Ky., 385).

In the opinion it is said: ''There was a plea of contributory negligence but as there was not evidence to support it, the trial court did not instruct the jury on that score. The court did instruct the jury, however, that, before the plaintiff was entitled to recover a verdict, they should believe from the evidence that the plaintiff was herself in the exercise of ordinary care for her own safety, in addition to believing the establishment of the various ingredients of actionable negligence on the part of the defendant. The question is whether the interpolation of the condition as to plaintiff's exercising due care for her own safety was proper, and if not, whether it was prejudicial. In this jurisdiction contributory negligence is a defense, and to be available must be pleaded, and, if an issue is made, must be proved. * * * When the plaintiff shows the injury was caused by an act or omission of the defendant which is contrary to its duty toward the plaintiff in the premises, a prima facie case is made out and a verdict would be warranted, unless the act or omission can be excused, or the plaintiff can be shown by the defendant to have failed at the time to have exercised ordinary care for his own safety, but for which, in spite of defendant's negligence, the injury would not have resulted. Thus the burden of showing the defendant's negligence is on the plaintiff, while that of showing plaintiff's contributory negligence is on the defendant. * * * If the plaintiff in this case was injured by the negligence of the defendant sued upon, she was entitled to recover a verdict, although she was not exercising ordinary care for her own safety, unless her failure to do so was the proximate cause of the injury. (Elliott, Roads & Street, 640). It was therefore error to have imposed upon her the condition and burden of showing

that she was at the time using ordinary care for her own safety before the jury were allowed to find for her * * *."

It is manifest that the instructions given by the court on the last trial, conformed to the opinion, supra, and were therefore free from error; moreover, as they contained all the law of the case, the refusal of the court to give such instructions as were offered by appellant was not error. Appellant also complains of the refusal of the circuit court to grant it a new trial because of the alleged misconduct of one of appellee's counsel, the sheriff and jury. This complaint arises out of the following state of facts: During the progress of the trial and before the argument to the jury or return of the verdict, the jury were sent by the court to the place of the accident for the purpose of viewing the same. They were placed in charge of the sheriff and, by agreement of the parties accompanied by R. D. Wilson, one of appellee's attorneys, and A. J. Stein, President of the Vanceburg Telephone Co. After reaching the scene of the accident the sheriff remarked, in the hearing of the jury and others present, that there had been no change in the road way since the accident occurred, which statement seems to have been contradicted by R. D. Wilson whose remarks were, perhaps, followed by statements on the subject from two or three members of the jury. It is insisted for the appellant that the statements thus made by the sheriff, Wilson and some of the jury, constituted the giving and hearing of testimony in the absence of appellant and its counsel. On the other hand it is argued for appellee that she was absent as well as appellant's counsel, and, that as appellant's president was present and heard the statements no injury resulted to appellant's rights because of the absence of its counsel. But laying aside this aspect of the matter, in view of all the circumstances and the character of the statements in question, it is not apparent to us that they were any more prejudicial to the rights of the appellant than to those of the appellee, or that they were prejudicial to the rights of either; therefore, they did not authorize the granting of a new trial.

In any event, the alleged statements and misconduct of the persons referred to were not brought to the attention of the court before return of the verdict, although known to appellant's president and counsel in time for

this to have been done. Being known to them, they were bound to make objection in time and not to wait until after the verdict against appellant. Having failed to object to the alleged misconduct before the verdict, the new trial was, for that reason also, properly refused. Alexander vs. Humber, 86 Ky., 569; Drake vs. Drake, 107 Ky., 34.

Our consideration of this case convinces us that the verdict is fully sustained by the evidence; that the amount thereof is no more than just compensation for the injuries appellee sustained, and that there was no error in any ruling of the court which prejudiced the substantial rights of the appellant.

Wherefore, the judgment is affirmed.