## Hatfield v. Commonwealth on Relation, &c.

(Decided May 21, 1918.)

### Appeal from Lawrence Circuit Court.

1. Bastards—Warrant—Date of Conception.—A bastardy warrant is not defective because the date of conception instead of the date of birth of the child is charged, as the purpose of the statute in requiring the recital therein of date of birth is that defendant may be informed of the date of conception.

2. Bastards—Trial—Evidence—Relations of Parties—Admissibility.— In a bastardy proceeding, evidence of acts of intercourse between complaining witness and defendant and letters passing between them, preceding and following the particular act of intercourse charged are admissible to show the intimate relations between the parties and the greater probability of the particular act.

3. Bastards—Trial—Verdict Against the Evidence.—In such proceeding, verdict of paternity held not flagrantly against the evidence.

4. New Trial—Misconduct of Trial Judge—Affidavit.—The affidavit supporting ground for new trial for misconduct of the trial judge in going into the jury room during the deliberations of the jury and giving it information about the case on trial must show affirmatively that the defendant did not obtain such information in time to have made objection to such action before verdict; and in the absence of such showing the complaining party is not entitled to a new trial.

J. C. CANTRILL, W. T. CAIN and FRED M. VINSON for appellant.

C. F. SEE, JR., M. S. BURNS and W. A. DAUGHERTY for appellee.

OPINION OF THE COURT BY JUDGE CLARKE.—Affirming.

On May 29, 1916, Jeannette Runyons made affidavit before the clerk of the Lawrence county court that appellant, A. E. Hatfield, was the father of her bastard child, begotten about May 25 or 26, 1915, and procured a warrant to be issued for his arrest. Upon the trial in the county court, the defendant was adjudged to be the father of the child and ordered to pay to the mother for his support $120.00 a year for fourteen years; and from this judgment he appealed to the circuit court, and upon a trial there he was again convicted and a judgment entered against him upon the verdict of the jury requiring him to pay to the mother for the support of the child $84.00 a year, payable quarterly, for thirteen years.

A reversal of that judgment is sought upon the following grounds: First, that the demurrer to the warrant should have been sustained; second, that the court erred in the admission of incompetent evidence; third, that the verdict is flagrantly against the evidence; and fourth, that the trial judge, after submission of the case, went into the jury room without the knowledge or consent of defendant or his counsel and gave information to the jury about the case.

1. The warrant is objected to upon the ground that it does not state accurately, or at all, the time of the child's birth. The warrant does state, however, that the child was begotten on or about the 25th or 26th of May, 1915, and the proof shows that the child was born on February 25, 1916, almost exactly nine months after the date the child was alleged to have been begotten. Appellant was not misled or prejudiced, in any way, by reason of the fact that the time the child was begotten rather

than the time of birth was stated in the warrant; in fact, he was thereby informed definitely of the very fact he was entitled to know. The purpose of requiring the warrant to state the date of birth is that the defendant may be informed thereby of the time when it must have been begotten, so as to enable him to prepare his defense accordingly. Burnett v. Commonwealth, 4 T. B. Mon., 106. This, the warrant did in the instant case directly rather than indirectly; and the error, if in reality error, is but technical and not substantial, and in nowise prejudiced any of appellant's substantial rights and affords no reason for reversal. Civil Code, sections 134, 756.

2. The evidence admitted, which it is claimed was incompetent, is of the relationship that existed between the defendant and the complaining witness for some time prior to, and following, the time the child was begotten. It is the contention of appellant that the Commonwealth should have been limited to the period when a child, born February 25, 1916, might have been begotten. We can not agree that such a strict limitation would have been proper. While it is true that the only issue being tried was whether or not the defendant was the father of the child, and that he could have been the father only if he had intercourse with the complainant within a short time before or after May 25, 1915, but whether or not defendant did have intercourse with the complainant during that period is a fact that may be established, as any other fact, by direct proof and also by circumstantial evidence; and proof that shortly before and shortly after that period he did have intercourse with the mother of the child are circumstances which corroborate the testimony of the mother and which are of probative value to establish the fact in issue, that the illicit relations existed during the period of possible gestation.

The rule is thus stated in 5 Cyc. 662:

"Evidence of the intimate relations existing between plaintiff and defendant is admissible. So evidence of previous or subsequent intercourse is competent to show the probability of the particular act having occurred, though defendant can only be convicted on proof of the particular act of intercourse charged in the complaint."

See also 3 R. C. L. 763, and 7 C. J. 992.

It is true that some of the letters introduced and some of the circumstances related were so remote that they were probably immaterial, and therefore incompetent, but, if so, they were not prejudicial.

3. Appellant insists that the verdict is flagrantly against the evidence, because of the testimony of Dr. York that if several persons have intercourse with a woman during the gestation period, it is impossible for the woman or any one else to know who the father of the child is, and also of the testimony of three witnesses for the defendant who stated that, during this period, they had had intercourse with the mother of the child. There would, undoubtedly, be much force in this contention except for the fact that the complaining witness denied that she ever had intercourse with any of these three witnesses, and it was for the jury to say whether she or they were telling the truth. The mere fact that there were three witnesses for the defendant testifying about separate acts as against the evidence of the complainant alone on the side of the Commonwealth is not warrant for our holding that the verdict is flagrantly against the evidence, because it was peculiarly the province of the jury to judge of the credibility of these several witnesses. It is conceded by counsel for appellant that there was ample evidence to carry the case to the jury, and two juries having found against him, we are unable to say that the verdict is flagrantly against the evidence.

4. After the verdict had been returned and in support of his motion for a new trial, defendant filed the affidavit of two of his attorneys that, after the submission of the case to the jury, the trial judge went into the jury room and gave information to the jury about the case, in the absence and without the consent of defendant or his counsel. The affidavit does not state however that the defendant did not know of these visits by the judge to the jury room before the verdict was rendered. If, with such knowledge, the defendant took his chances upon the verdict of the jury, he can not thereafter complain of the verdict, as it was his duty, unless he intended to waive objection and take his chances upon the verdict, to have made his objection at the time or as soon thereafter as he received information of the fact. Having failed to allege that he did not have knowledge of this fact before the verdict was returned, he is not entitled to a reversal. Vanceburg Telephone Co. v. Bevis, 148 Ky. 285, 146 S. W. 420, and authorities there cited.

Judgment affirmed.