Oscar JACKSON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

April 24, 1959.

Golden, Helton & Golden, Pineville, for appellant.

Jo M. Ferguson, Atty. Gen., H. D. Reed, Jr., Seth T. Boaz, Jr., Asst. Attys. Gen., Farmer Helton, Commonwealth's Atty., Pineville, for appellee.

MONTGOMERY, Chief Justice.

Oscar Jackson was convicted of voluntary manslaughter in the killing of Frank (Bud) Peace. He was sentenced to serve five years in the penitentiary. On appeal, he urges that: (1) His substantial rights were prejudiced by misconduct of two members of the trial jury on voir dire examination; and (2) the court erred in excluding certain testimony offered by him.

On the voir dire examination, appellant's counsel asked the prospective members of the jury: "Have any of you had relatives, either by blood or by marriage, killed with a deadly weapon?" The failure to respond was treated as a negative reply on behalf of each. Among the jurors thus examined and accepted to serve on the jury were Arthur Overton and Amanda Elliott.

Appellant's motion for a new trial recites that: "After the trial and in the next day or two, the defendant's counsel began to investigate the family history of the members of the jury."

The motion recites that Arthur Overton's father had been murdered by John Shelton and that Amanda Elliott's husband's cousin, Porter Elliott, had been killed with a deadly weapon by Marie Stone. These statements were supported by affidavits.

Appellant insists that the failure of each juror to disclose that each had had a relative killed by a deadly weapon is a reversible error within the rule stated in Sizemore v. Commonwealth, Ky., 306 S.W.2d 832.

One purpose of the voir dire examination, as pointed out in the Sizemore opinion, is to afford the challenging party true information concerning any possible basis for bias or prejudice in order not to be misled. The motion and affidavits filed in this case are silent as to when appellant or his counsel first learned of the bases for challenge of Arthur Overton and Amanda Elliott, as now asserted. The statement in the motion is that counsel began to investigate the family history of the jurors after the trial. There is no statement that this information was first discovered at that time or that appellant and his counsel were ignorant of those facts at the time of the voir dire examination.

The rule is stated in Black v. Commonwealth, 154 Ky. 144, 156 S.W. 1043, 1045, to be:

"When a new trial is asked on the ground that a juror has been guilty of misconduct, the person seeking a new trial on this ground should do so at the earliest moment after he has received information of the misconduct complained of, and should file his affidavit stating when he obtained the information. If the party seeking a new trial on this ground fails to do this, he will be deemed to have waived his right to rely on the misconduct as a ground for a new trial after there has been a verdict against him."

See Pierce v. Commonwealth, 215 Ky. 162, 284 S.W. 1035; Reed v. Commonwealth, 273 Ky. 607, 117 S.W.2d 589, 116 A.L.R. 673, and Baker v. Commonwealth, Ky., 322 S.W.2d 119.

The reason for the rule is stated in Drake v. Drake, 107 Ky. 32, 52 S.W. 846, 847, to be:

"A party should not, with knowledge of misconduct on the part of the jury, conceal it from the court, and take the chance of a verdict in his favor, with the expectation of having it set aside if adverse to him."

■ In order to take advantage of the misconduct of a juror on a voir dire examination, it must be shown by sworn testimony that the objecting party was misled and that he made known his objection as soon as the truth was discovered. The appellant has failed to show that he and his counsel were misled by the misconduct of the jurors or that timely objection was made.

Frank Peace and some other young men who had been drinking engaged in an altercation in front of appellant's country store about 8 o'clock on the night of the killing. Appellant ran a post office in his store, and he and his family lived in rooms connected with and immediately adjoining the rear of the store. Appellant, his family, and some other people were watching a television program in his living quarters when the disturbance occurred. Appellant went to the front door of his store, turned on his outside lights, and complained to the participants of their rowdy conduct and vulgar language. Thereupon, Peace threw a piece of wood with great force which hit the side of the door in which appellant was standing. Then his companions put Peace in a car. As it drove off, Peace said, "I'll take care of Dick Jackson (appellant) when I come back." Peace went to the home of his mother-in-law, got a shotgun, and returned with it to appellant's store about thirty or forty minutes later.

Appellant fired from inside his store. Peace was about twelve feet outside the door entrance when he was shot. The evidence was conflicting on the issue of self-defense. Instructions on self-defense and defense of family were given. Appellant does not contend that the evidence was insufficient to sustain the verdict.

■ Appellant complains that the court erred in excluding this part of his testimony: "My little girl come over to me and said, 'Daddy, they are back.'" This statement was not hearsay as it was the verbal part of an act, usually referred to as a verbal act, the truth of which was not in issue, and the court should have admitted it. 6 Wigmore on Evidence, 3rd Edition, Section 1772, page 190. The error was not prejudicial.

■ He next complains that the court erred in excluding testimony of Flossie Baker relative to what Peace had told her about knocking down his wife with an automobile that afternoon. This testimony would have been competent as showing Peace's frame of mind had the occurrence happened after the first altercation and before he returned to the store. The record shows that this witness was asked if she knew what "happened that afternoon to Bud Peace's wife." This was several hours before the first altercation. The testimony was correctly excluded as it was too remote to be relevant.

Judgment affirmed.