**Wayne MARCUM, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 10, 1967.

Fritz Krueger, Somerset, for appellant.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, C. Homer Neikirk, Commonwealth's Atty., J. A. Mont-

gomery, County Atty., Somerset, for appellee.

DAVIS, Commissioner.

Wayne Marcum was tried again after the reversal of his earlier conviction for violation of the local option law. See Marcum v. Commonwealth, Ky., 398 S.W.2d 886. He was again convicted and has attempted to prosecute a second appeal. The Commonwealth has moved to dismiss the appeal for procedural defects in its prosecution.

Verdict and judgment of conviction in this proceeding were entered on June 15, 1966. A motion for new trial was *filed* in the circuit court on June 22, 1966. The motion was overruled by order entered July 9, 1966. Notice of appeal was filed on July 16, 1966.

The certificate of service appended to the motion for new trial is in this language:

"I certify that a copy of the above Motion has this day been handed to Hon. C. Homer Neikirk Attorney for Plaintiff." (signed) Fritz Krueger, Attorney for Defendant.

RCr. 12.54 prescribes the time within which an appeal may be taken to the Court of Appeals in a criminal case. The rule is thus worded:

"The time within which an appeal may be taken to the Court of Appeals shall be ten days from the entry of the judgment or order appealed from, but if a timely motion has been made for a new trial or in arrest of judgment, an appeal from a judgment of conviction may be taken within ten days after entry of the order denying the motion."

It becomes necessary to ascertain whether the motion for new trial was "timely" made in order to determine whether that motion suspended the running of the time within which to perfect the appeal.

RCr. 10.06 relates to the time for making a motion for new trial and is thus stated:

"The motion for a new trial shall be served not later than five days after return of the verdict. A motion for a new trial based upon the ground of newly discovered evidence shall be made within one year after the entry of the judgment or at a later time if the court for good cause so permits."

It will be observed that RCr. 10.06 directs that the motion for new trial shall be *served* not later than five days after return of the verdict.[1] The rule is silent as to when such a motion must be *filed*. In the case before us the only showing of *service* of the motion is contained in the quoted certificate of service, and is there said to have been accomplished on "this day." However, the certificate is not dated, so there is no certification as to when "this day" occurred. Perhaps the certificate would support the inference that it was served not later than the date upon which the motion was filed (which we do not need to decide), but it affords no basis for an inference that it was served *before* the day upon which it was filed.

Since the motion for new trial was not filed until June 22, it came more than five days after the return of the verdict. Thus, it was not a timely motion unless it had been *served* not later than five days after return of the verdict. The onus of demonstrating that the motion was timely served rests upon the movant. Here there is no showing whatever that the motion was served at any time prior to June 22nd—more than five days after the return of the verdict. Significantly, the appellant's counsel does not allege that the motion was served timely, but takes the position that the record fails to show that the motion was not served in time. As noted, we are of the view that this negative approach is not the proper one—rather the obligation rests upon the movant to show

---

1. Newly discovered evidence was not included as a ground for the instant motion.

affirmatively that the notice was served in time. This he has failed to do. It follows that the motion was not timely filed, and did not operate to suspend the running of the time for filing notice of appeal. Thus, the notice of appeal was not timely filed.

Appellant points out that RCr. 10.02 (2) authorizes the trial judge to order a new trial, on his own initiative, not later than ten days after return of the verdict. It is reasoned that since the motion for new trial was filed within that ten-day period, it becomes timely in light of RCr. 10.02(2). This argument overlooks the fact that the trial judge did not grant a new trial—on his own initiative or otherwise. RCr. 10.02(2) affords the trial judge a ten-day period in which to grant a new trial, even without a motion, but that rule does not enlarge the time for the filing of the motion for new trial; if it did, RCr. 10.06 would be mere surplusage.

The appeal is dismissed.