Elsie **PERKINS**, Appellant,

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.
May 30, 1969.

Robert L. Gullette, Nicholasville, for appellant.

John B. Breckinridge, Atty. Gen., George Rabe, Asst. Atty. Gen., Frankfort, for appellee.

MONTGOMERY, Chief Justice.

Elsie Perkins was convicted on the charge of misappropriation of public money and was sentenced to serve one year in the Kentucky State Reformatory for Women. KRS 434.020. She sought to appeal on May 16, 1969, and at the same time moved this court to grant her bail pending the appeal. On the appeal she is represented by counsel other than the counsel she had prior to the appeal.

The verdict was returned April 18, 1969. Judgment was entered April 21, 1969. Motion for a new trial was served on April 28, 1969, and filed April 30, 1969. The motion for a new trial and a motion for probation were overruled May 2, 1969, at which time notice of appeal was filed. On that date, or shortly thereafter, appellant was sent to the reformatory where she is now confined. On May 9, 1969, motion for bail and for release from confinement was filed in the circuit court, which was overruled on May 13, 1969.

RCr 12.82 provides for an application for bail pending an appeal. In such case it is essential that there be a valid appeal pending. Appellee urges that there is no valid appeal and has moved that the application for bail be denied for lack of jurisdiction. This motion has been treated as a motion to dismiss the appeal.

Appellee insists that there is no valid appeal because the motion for new trial was untimely served, as was the notice of appeal. RCr 10.06 provides that a motion for new trial (other than for newly discovered evidence) shall be served not later than five days after return of the verdict. Newly discovered evidence was not made a ground in the motion for new trial. Under RCr 12.54 a motion for new trial suspends the time for taking an appeal until 10 days after it is overruled only if it is timely. See also McGregor v. Commonwealth, Ky., 407 S.W.2d 705 (1966). The burden of showing that the service of the motion is timely rests upon the movant. Marcum v. Commonwealth, Ky., 412 S.W. 2d 241 (1967). The record clearly shows that the motion for new trial was not served until ten days after the verdict, thus, under CR 6.01, it was too late.

Since the motion for new trial was ineffective, the time for filing notice of appeal must be computed from the actual date of judgment appealed from, which was April 21, 1969. The notice of appeal, filed on May 2, 1969, was filed on the eleventh day and beyond the 10-day period provided for in RCr 12.54. Failure to comply with RCr 12.54 precludes consideration of the appeal. Perry v. Commonwealth, Ky., 383 S.W.2d 689 (1964). It is therefore concluded that there is no valid appeal and that the motion for bail must be denied.

Appellant urges that the records indicate some probability that the motion for new

trial had been timely made but had not been reduced to record until after the expiration of the time limit. There is no showing that the record is in error.

■ Appellant also insists that the failure of the appellee to raise the question of timeliness of the motion for new trial is a waiver of the defect. The time for filing a motion for new trial cannot be extended. RCr 1.10. Inasmuch as the rule expressly forbids an extension of time, certainly the time cannot be extended by a failure to object to timeliness or waiver as is claimed here.

Appeal dismissed.

All concur.