**Melvin Wilson SHADOWEN, Appellant,**

v.

**COMMONWEALTH of Kentucky,**
**Appellee.**

No. 2000–SC–0681–DG.

Supreme Court of Kentucky.

Aug. 22, 2002.

Russell D. Dougherty, Elizabethtown, for Appellant.

A.B. Chandler III, Attorney General of Kentucky, Frankfort, Irv Maze, Jefferson County Attorney, Karl Price, Assistant Jefferson County Attorney, Louisville, for Appellee.

LAMBERT, Chief Justice.

RCr 10.06 provides that a motion for a new trial shall be served not later than five days after return of the verdict. RCr 1.10(a) provides that when the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation. The issue here is whether Appellant's motion for a new trial was timely served as required by RCr 10.06(1) when the verdict was returned on

Tuesday, September 8, 1998, and the motion for new trial was served on Tuesday, September 15, 1998.

Appellant, Melvin Wilson Shadowen, was convicted of criminal trespass in the first degree and assault in the fourth degree upon return of a jury verdict on Tuesday, September 8, 1998. He served a motion for a new trial on Tuesday, September 15, 1998. The Jefferson District Court denied Appellant's motion for a new trial on September 21, 1998. On September 23, 1998, Appellant filed a notice of appeal to the Circuit Court. By order dated March 30, 1998, the appeal was dismissed as untimely pursuant to RCr 12.04(3). According to the Circuit Court, because Appellant's motion for a new trial was not filed within five days of return of the verdict, the notice of appeal was untimely as not having been stayed by the pending motion for a new trial.

The Court of Appeals granted discretionary review and affirmed the Circuit Court based on *Byrd v. Commonwealth*.[1] The Court of Appeals clearly disagreed with *Byrd* but felt bound to follow it.

Unfortunately for appellant, however, we are bound by the holding of the Kentucky Supreme Court in *Byrd v. Commonwealth*, Ky., 825 S.W.2d 272 (1992). Although the plain language of RCr 1.10(a) appears to be in conflict with Byrd, the Court included weekend days in computing a five-day period for a motion for new trial.

Acknowledging our error in *Byrd*, we granted discretionary review and now reverse the Court of Appeals.

RCr 10.06(1) states in part "The motion for a new trial shall be served not later than five (5) days after return of the verdict." RCr 1.10 provides

Whenever these Rules do not provide otherwise with respect to time, the following shall apply:

(a) In computing any period of time prescribed or allowed by these Rules, by order of court or by any applicable statute, the day of the act, event or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included unless it is a Saturday, a Sunday or a legal holiday. When the period of time prescribed or allowed is less than seven (7) days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation.

As the five day period in RCr 10.06 is within the seven day exception in RCr 1.10, intermediate Saturdays, Sundays and legal holidays must be excluded from the computation of time allowed to file a motion for a new trial.

We recognize that our opinion in *Byrd v. Commonwealth* has created some confusion. In *Byrd*, this Court stated that the appellant's motion for new trial was untimely because it was filed seven days after the return of the verdict rather than five days as required by RCr 10.06. In making this statement, we relied on *Marcum v. Commonwealth*[2] a case in which the verdict was returned on June 15 but the defendant did not file a motion for new trial until June 22. In *Byrd*, we failed to realize that after *Marcum*, the "Saturday, Sunday and legal holidays" exception was added to the rule. Thus *Marcum* was correctly decided, but *Byrd* neglected to take account of RCr 1.10(a) and its effect on RCr 10.06. As this is a significant flaw, we overrule *Byrd* to the extent that it fails to exclude intermediate Saturdays, Sundays and legal holidays from the computa-

---

1. Ky., 825 S.W.2d 272 (1992).

2. Ky., 412 S.W.2d 241 (1967).

tion of the five day deadline for service of a motion for a new trial. We have reviewed RCr 1.10(e) and concluded that our decision herein does not violate the prohibition against extension of time for taking an appeal or cross-appeal.

Appellant's motion for a new trial in the Jefferson District Court was timely. He filed a notice of appeal on September 23, 1998, only two days after the trial court's order denying his motion for new trial. RCr 12.04(3), as it read in 1998, required a notice of appeal be filed within ten days of judgment unless a motion for new trial had been filed in which case the notice of appeal had to be filed within ten days of the date of the order denying the motion for new trial. Since the trial court denied Appellant's timely motion for a new trial on September 21, 1998, Appellant's notice of appeal on September 23rd was also timely.

For the foregoing reasons, the opinion of the Court of Appeals is reversed and this cause remanded to Jefferson Circuit Court for further consistent proceedings.

All concur.