Terry ANDERSON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2000–SC–0373–DG.

Supreme Court of Kentucky.

June 12, 2003.

Morris Lowe, Coffman & Kirwan, Dixie R. Satterfield, Satterfield & Harmon, Bowling Green, Counsel for Appellant.

A.B. Chandler, III, Attorney General of Kentucky, Rickie L. Pearson, Assistant Attorney General, Criminal Appellate Division, Office of the Attorney General, Frankfort, Counsel for Appellee.

## OPINION

JOHNSTONE, Justice.

Appellant, Terry Anderson, was convicted of second-degree assault and the jury recommended a sentence of five years' imprisonment. Before sentence was imposed, the trial court granted Anderson's motion for a new trial on grounds that one of the jurors in his trial was a prior felon who was not qualified to sit as a juror. The Court of Appeals reversed. We granted discretionary review to decide the issue of whether the Governor's restoration of the rights of the juror in question included the right to sit as a juror. For the reasons stated below, we reverse the Court of Appeals.

## I. Facts and Procedural History

Anderson was indicted on one count of attempted murder. The case proceeded to trial. The jury found Anderson guilty of second-degree assault and recommended a sentence of five years' imprisonment. The trial court entered a final judgment of guilt but delayed sentencing pending a review of Anderson's pre-sentence report. Anderson filed a motion for a new trial before the sentencing hearing was held. One of the grounds for the motion was that one of the jurors who convicted Anderson (James Stanley) had been convicted of a felony, which disqualified him from serving as a juror under KRS

29A.080. The Commonwealth argued that Stanley was not disqualified from jury service because his civil rights had been restored by an executive order issued by Governor Patton. As the facts surrounding this issue are of particular importance, they are discussed in greater length below.

Stanley was convicted of a felony in 1983 and placed on probation for five years. Subsequently, he applied to the Governor to have his civil rights restored. By executive order entered on June 30, 1997, Governor Patton restored Stanley's "right to vote and hold public office denied by" the 1983 felony conviction.

On June 16, 1998, Stanley filled out the juror disqualification form at issue in this case, which reads, in pertinent part:

> You may be disqualified from jury duty if any of the following apply. Check and return form.
>
> ___ You have a felony conviction and have not been pardoned by the Governor or other authorized person of the jurisdiction in which you were convicted.

The form substantially tracked the language of KRS 29A.080(2)(e), which provided at the time of Anderson's trial that a "prospective juror is disqualified to serve on a jury if [the juror] ... [h]as been previously convicted of a felony and has not been pardoned by the Governor or other authorized person of the jurisdiction in which he was convicted[.]"[1] Stanley wrote the word "no" in the blank space beside the above statement on the juror disqualification form. At the hearing on the new trial motion, Anderson testified that he first learned about Stanley's con-

---

1. KRS 29A.080(2)(e) was amended by the 2002 General Assembly and now reads in pertinent part: "A prospective juror is disqualified to serve on a jury if the juror ... [h]as been previously convicted of a felony and has not been pardoned or received a restoration of civil rights by the Governor or other authorized person of the jurisdiction in which the person was convicted[.]" We express no view on how this amendment affects the holding of this case.

viction about nine days after the conclusion of his trial. There was no other testimony or evidence introduced on the issue of when Anderson or his counsel became aware of Stanley's felony status.

The trial court granted Anderson's new trial motion. In so doing, the trial court cited KRS 29A.080(2) and *Johnson v. Commonwealth,* 311 Ky. 182, 223 S.W.2d 741 (1949). The Court of Appeals reversed on grounds that the Governor's order of June 30, 1997, restored Stanley to "the full and complete rights of citizenship in this jurisdiction." Anderson sought discretionary review, which we abated until we decided *Commonwealth v. Bailey,* Ky., 71 S.W.3d 73 (2002). *Bailey* holds that the Commonwealth has the right to appeal to the Court of Appeals a trial court's order granting a defendant a new trial. *Id.* at 85. Upon deciding *Bailey,* we granted discretionary review to reach the merits of the juror disqualification issue.

## II. Discussion

■ The resolution of this case turns on the proper interpretation of the Governor's order of restoration of Juror Stanley's rights. The order states in pertinent part:

WHEREAS, ... James Thomas Stanley has made application to have his ... civil rights restored and available evidence indicates that ... he has complied with the necessary requirements;

NOW, THEREFORE, in consideration of the foregoing and by virtue of the authority vested in me by Section[s] 145 and 150 of the Constitution of the Commonwealth of Kentucky, I, Paul E. Patton, the Governor of the Commonwealth of Kentucky, do hereby and now

restore the right to vote and hold public office denied by judgment of conviction aforesaid and any prior conviction, to the said James Thomas Stanley and direct all officials of this Commonwealth to be governed accordingly. This order does not restore the right to receive, possess or transport in commerce a firearm.

The plain language of this order limits the restoration of Stanley's civil rights to the right to vote and the right to hold office. Further, the order's reliance on the Governor's authority under Sections 145 and 150 of the Kentucky Constitution reinforces the conclusion that the rights restored under this order are limited to the right to vote and the right to hold office.

Section 145 of the Kentucky Constitution establishes who is entitled to the right to vote within the Commonwealth. While it deprives felons of this right, it also provides that "persons hereby excluded [by felony status] may be restored to their civil rights by executive pardon." Section 150 of the Kentucky Constitution establishes who is disqualified from holding public office within the Commonwealth. While it specifically declares that felony status operates to disqualify an individual from holding public office, it also provides that this "disability may be removed by pardon of the Governor." These two sections only apply to the restoration of the right to vote and the right to hold office. *Arnett v. Stumbo,* 287 Ky. 433, 153 S.W.2d 889, 890 (1941). Thus, the Governor's order only restored Stanley's right to vote and to hold office and did not restore his "right" to be a juror.[2] This does not mean

**2.** The proper classification of jury service is not entirely clear. *See, e.g., Carter v. Jury Commission of Greene County,* 396 U.S. 320, 330, 90 S.Ct. 518, 523, 24 L.Ed.2d 549, 557 (1970) ("Whether jury service be deemed a right, a privilege, or a duty, the State may no more extend it to some of its citizens and deny it to others on racial grounds than it may invidiously discriminate in the offering and withholding of the elective franchise.").

that the Governor is without this power, only that he did not exercise it in this instance.

Section 77 of the Kentucky Constitution vests the Governor with the power to "grant ... pardons." A "pardon" is "[t]he act or an instance of officially nullifying punishment or other legal consequences of a crime." *Black's Law Dictionary* (7th ed.1999). A pardon can be full (absolute), conditional or partial. *Id.* A full pardon restores an "offender's civil rights without qualification." *Id.* A conditional pardon "does not become effective until the wrongdoer satisfies a prerequisite or that will be revoked upon the occurrence of some specified act." *Id.; see also Commonwealth ex rel. Meredith v. Hall,* 277 Ky. 612, 126 S.W.2d 1056, 1057 (1939). Finally, a partial pardon "exonerates the offender from some but not all of the punishment or legal consequences of a crime." *Black's Law Dictionary* (7th ed.1999). In Kentucky, the constitutional power to pardon encompasses the power to issue conditional pardons. *Meredith,* 126 S.W.2d at 1057. This is also true of the power to issue partial pardons.

In the case of *Schick v. Reed,* 419 U.S. 256, 95 S.Ct. 379, 42 L.Ed.2d 430 (1974), the U.S. Supreme Court looked to the common law of England to determine the extent and nature of the President's pardoning power contained in Article II, § 2, cl. 1 of the United States Constitution. At the conclusion of this analysis, the *Schick* Court stated:

> The plain purpose of the broad power conferred by § 2, cl. 1, was to allow *plenary authority in the President to "forgive" the convicted person in part or entirely,* to reduce a penalty in terms of a specified number of years, or to alter it with conditions which are in themselves constitutionally unobjectionable.

*Id.* at 266, 95 S.Ct. at 385, 42 L.Ed.2d. at 438–39 (emphasis added). Likewise, this Court looks to the common law to determine the extent of the Governor's pardoning power contained in Section 77 of the Kentucky Constitution. *Meredith,* 126 S.W.2d at 1057. Thus, we conclude that the Governor has the power to issue partial pardons except where to do so violates the Constitution. *Cf. Murphy v. Cranfill,* Ky., 416 S.W.2d 363, 365 (1967). Therefore, the Governor has the power to restore a felon's "civil right" to sit on a jury by granting the felon a full pardon, by order specifically restoring the right or by a general order that restores all civil rights to the felon. *See United States v. Barrett,* 504 F.2d 629 (6th Cir.1974), *aff'd by Barrett v. United States,* 423 U.S. 212, 96 S.Ct. 498, 46 L.Ed.2d 450 (1976) (governor's restoration of "all the rights of citizenship" included the right to sit on a jury).

## III. Conclusion

In the case at bar, Governor Patton's order was specifically limited to restoring Juror Stanley's rights to vote and hold office. It was well within the Governor's prerogative to so limit the rights restored to Stanley. And it is outside the power of the courts to alter or expand upon the Governor's order where the executive order itself does not otherwise violate the Constitution. *See Schick v. Reed,* 419 U.S. at 268, 95 S.Ct. at 386, 42 L.Ed.2d. at 439 (subsequent judicial decision did not affect President Eisenhower's commutation of defendant's sentence from death to life imprisonment without possibility of parole). Therefore, we hold that Governor Patton's order of June 30, 1997, did not restore Juror Stanley's right to sit on a jury. Consequently, we hold that Anderson is entitled to a new trial. *See Johnson v. Commonwealth,* 311 Ky. 182, 223 S.W.2d 741, 743 (1949).

For the reasons set forth above, we reverse the decision of the Court of Appeals and remand this case to the Simpson Circuit Court for further proceedings consistent with this opinion.

All concur.