**Randall CHEATHAM, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2002–CA–001829–MR.

Court of Appeals of Kentucky.

Feb. 27, 2004.

Alton L. Cannon, Leitchfield, KY, for appellant.

Albert B. Chandler III, Attorney General, Connie V. Malone, Assistant Attorney General, Frankfort, KY, for appellee.

Before COMBS, JOHNSON, and MINTON, Judges.

## OPINION

MINTON, Judge.

Randall Cheatham[1] entered a conditional plea of guilty to two counts of possession of a firearm by a convicted felon. At issue is whether the restoration of civil rights Cheatham received from Governor Martha Layne Collins restored his right to possess a firearm. The circuit court held that it did not, and it is from that determination that Cheatham appeals.[2]

---

**1.** At several points in the record, Cheatham's first name is alternatively spelled "Randell."

**2.** Cheatham also pled guilty to two counts of carrying a concealed deadly weapon, for which he was fined a total of $1,000.00. However, those counts are not part of this appeal.

In 1979, Cheatham was convicted of the felony offense of theft of property with a value over $100, for which he was sentenced to a term of one year's incarceration, probated for five years. He successfully completed his probation in April 1984. Soon thereafter, Cheatham applied for and received a restoration to civil rights from then-Governor Martha Layne Collins. Specifically, the language used in the instrument is as follows:

> NOW, THEREFORE, in consideration of the foregoing and by virtue of the authority vested in me by section 145 and 150 of the Constitution of the Commonwealth of Kentucky I, Martha Layne Collins, Governor of the Commonwealth of Kentucky do hereby and now restore the civil rights denied by judgment of conviction aforesaid and any prior conviction, to the said Randall Cheatham and direct that all officials of this Commonwealth be governed accordingly.

In April 2001, Cheatham was indicted on multiple counts of possession of a handgun by a convicted felon in violation of Kentucky Revised Statutes (KRS) 527.040. Upon motion by the Commonwealth, the circuit court ruled as a matter of law that the restoration to civil rights Cheatham received did not restore his right to possess a firearm. Following this ruling, Cheatham conditionally pled guilty, reserving the ability to appeal the circuit court's ruling on the effect of his civil rights restoration.

The crime of possession of a firearm by a convicted felon is defined in KRS 527.040, which provides in relevant part:

> (1) A person is guilty of possession of a firearm by a convicted felon when he possesses, manufactures, or transports a firearm when he has been convicted of a felony, as defined by the laws of the jurisdiction in which he was convicted, in any state or federal court and has not:
>
> (a) Been granted a full pardon by the Governor or by the President of the United States;
>
> (b) Been granted relief by the United States Secretary of the Treasury pursuant to the Federal Gun Control Act of 1968, as amended.

Therefore, we must decide whether Cheatham's restoration from Governor Collins amounted to a "full pardon" for purposes of KRS 527.040(1)(a).[3]

The power of the Governor to grant full pardons is contained in section 77 of the constitution.[4] Sections 145 and 150 of the constitution provide for a restoration of the right to vote and hold public office, respectively, "by executive pardon." However,

[a] pardon can be full (absolute), conditional, or partial. A full pardon restores an offender's civil rights without qualification. A conditional pardon [is one that] does not become effective until the wrongdoer satisfies a prerequisite or that will be revoked upon the occurrence of some specified act. Finally, a partial pardon exonerates the offender from some but not all of the punishment or legal consequences of a crime. In Kentucky, the

---

**3.** We note that later restorations of civil rights have included language to specifically address the prohibition against possession of a firearm in KRS 527.040 and its federal equivalent contained at 18 U.S.C. § 921, et seq. See Anderson v. Commonwealth, 107 S.W.3d 193, 195 (2003), which interpreted a restoration to

civil rights issued by Governor Paul Patton which included the following language: "This order does not restore the right to receive, possess or transport in commerce a firearm."

**4.** See Arnett v. Stumbo, 287 Ky. 433, 153 S.W.2d 889 (1941).

constitutional power to pardon encompasses the power to issue conditional pardons. This is also true of the power to issue partial pardons.[5]

The effect of pardons granted pursuant to sections 145 and 150 is discussed in several cases. In *Arnett v. Stumbo*,[6] it was held that a partial pardon issued pursuant to those sections fully restored an individual's rights to vote and hold office. However, such a "pardon" was limited to those rights only; full clemency only arises from the Governor's powers under section 77. Likewise, in *Leonard v. Corrections Cabinet*,[7] we held that an individual whose civil rights had been restored pursuant to sections 145 and 150 was ineligible for consideration as a peace officer pursuant to KRS 61.300 absent a full pardon under section 77. Most recently, the Supreme Court held in *Anderson v. Commonwealth*[8] that a restoration granted pursuant to sections 145 and 150 did not restore an individual's right to sit on a jury.

We therefore hold that Cheatham's restoration to civil rights granted by Governor Collins pursuant to sections 145 and 150 of the Constitution of the Commonwealth of Kentucky was a partial pardon which served only to restore Cheatham's rights to vote and to hold public office. Because it was not a full pardon granted under section 77, it did not restore his right to possess a firearm.

Accordingly, we affirm the circuit court.

ALL CONCUR.

---

5. *Anderson, supra,* n. 3, at 196. (Internal quotations and citations omitted.)

6. *Supra,* n. 4.

7. Ky.App., 828 S.W.2d 668 (1992).

8. *Supra,* n. 3.