COMMONWEALTH of Kentucky, Appellant,

v.

Kelly Gaye BREWER, Appellee.

No. 2008–CA–001503–MR.

Court of Appeals of Kentucky.

Oct. 30, 2009.

■■■■■■■■■■■■■

■■■■■■■■■

■■■■■■■■■■■■■
■■■■■■■■■■■■■
■■■■■■■■■■■■■

Jack Conway, Attorney General, Teresa Young, Special Assistant Attorney General, Louisville, KY, for appellant.

No Brief for appellee.

Before ACREE, TAYLOR and THOMPSON, Judges.

## OPINION AND ORDER

ACREE, Judge.

The Commonwealth appeals from the July 1, 2008 order of the Jefferson Circuit Court voiding the jury verdict and granting Kelly Gaye Brewer a new trial. For the following reasons, we reverse.

On May 12, 2008, a jury found Brewer guilty of Burglary in the First Degree and Assault in the First Degree. The jury subsequently began deliberations to determine Brewer's sentence. Before the jury completed its deliberations, the parties discovered the possibility that a juror had a prior felony conviction. The suspect juror had answered "no" on her juror qualification form when asked whether she was a convicted felon. No party sought relief at that time.

On May 13, 2008, the jury returned with its recommended sentence. The trial court then questioned the juror regarding her possible felony conviction. The juror admitted having a prior felony conviction, but said she believed it was no longer on her record because the felony occurred more than twenty years earlier.

On Monday, May 19, 2008, Brewer filed a motion for a judgment of acquittal. On June 12, 2008, and before the trial court ruled on the prior motion, Brewer filed a motion to void the verdict *ab initio*. By order dated July 1, 2008, the trial court voided the judgment and ordered a new trial. This appeal followed.

The issue presented here is not whether Brewer, upon a proper and timely motion, would have been entitled to a new trial. That question is answered in the affirmative by *Anderson v. Commonwealth*, 107 S.W.3d 193 (Ky.2003). Significantly, and as the trial court noted, "No motion for a new trial was filed within the mandated time period." (Order, June 30, 2008, Record 214; hereafter, Order).

■ The question now before this Court, as framed by the trial court's Order, is whether *Anderson, supra,* can be read as holding that any verdict entered by a jury that included a disqualified juror is void *ab initio*, and, therefore, subject to collateral attack at any time. The critical portion of the trial court's order states:

> This motion to set aside the verdict is premised on the verdict itself being void, and the *Anderson* and *Johnson [v. Commonwealth*, 311 Ky. 182, 223 S.W.2d 741 (1949) ] cases convince the Court that the verdict is void, and would require the setting aside of the verdict without motion by either party.

(Order, R.214). We conclude that *Anderson* and *Johnson* cannot be read so broadly and that challenging a criminal conviction based on the disqualification of a juror may only be undertaken within the restrictions set out by the Kentucky Rules of Criminal Procedure (RCr).

■ The rule governing a motion for judgment of acquittal is RCr 10.24. Such a motion is properly granted when it would be clearly unreasonable for a jury to find guilt. *Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky.1991). On May 19,

2008, Brewer filed such a motion;[1] however, the trial court properly ruled that there was "no basis for granting that motion, since the challenge was not to the sufficiency of the evidence to support the verdict[.]" (Order, R.214).

Another rule, RCr 10.02(1), governs motions for a new trial. A new trial may be granted, "for any cause which prevented the defendant from having a fair trial, or if required in the interest of justice." RCr 10.02(1). Motions for a new trial must be served within five (5) days after the verdict. RCr 10.06(1); *see also, Marcum v. Commonwealth,* 412 S.W.2d 241, 242 (Ky.1967)(However, "[t]he rule is silent as to when such a motion must be filed."). The trial court is also allowed to enter an order for a new trial *sua sponte,* but even the trial court must do so within ten (10) days of the verdict. RCr 10.02(2).[2] Furthermore, "[t]he time for a motion for a new trial . . . shall not be extended." RCr 1.10(e). Therefore, ten (10) days after the jury rendered its guilty verdict on May 12, 2008, the trial court had no authority to grant a new trial. It was reversible error to do so.

■ We believe the trial court read too much into *Anderson* and *Johnson, supra,* the cases upon which it based its ruling. Citing these cases, the trial court correctly noted that Kentucky courts grant new trials when a juror gives a false answer either on voir dire or on a juror disqualification form. In all such cases, however, the defendant had timely filed a motion for new trial. *Anderson* at 195; *Johnson* at

743; *see also, Brown v. Commonwealth,* 174 S.W.3d 421, 428 (Ky.2005), and *Miller v. Commonwealth,* 203 Ky. 437, 262 S.W. 579, 579 (1924). But neither *Anderson* nor *Johnson* stands for the proposition that a verdict in such a case was void *ab initio,* and for good reason. A verdict which is void *ab initio* has no legal effect whatsoever and is subject to collateral attack at any time. *Hill v. Walker,* 297 Ky. 257, 180 S.W.2d 93, 95 (1944). To permit a criminal defendant unlimited time in which to file a motion to set aside a verdict as void, particularly when the grounds for a timely RCr 10.02(1) motion were known to the parties before the judgment was entered, would create uncertainty and undermine the concept of the finality of criminal verdicts.

■ It is the responsibility of the defendant to object to the inclusion of a potentially disqualified juror at first notice. *Jackson v. Commonwealth,* 323 S.W.2d 874, 876 (Ky.1959)(party should object at "earliest moment after he has received information of the [juror] misconduct complained of"). Otherwise, a defendant, or the Commonwealth, would have the incentive to conceal knowledge of potential juror disqualification until and unless it became beneficial to reveal such information. *Id.* (party not allowed to delay objection in order to "take the chance of a verdict in his favor, with the expectation of having it set aside if adverse to him"), *quoting Drake v. Drake,* 107 Ky. 32, 52 S.W. 846, 847 (1899).

---

1. Brewer actually filed a motion citing Kentucky Rules of Civil Procedure (CR) 50.02 that the trial court properly treated as a motion pursuant to RCr 10.24. CR 50.02 governs motions for judgment notwithstanding the verdict in civil cases. In a civil case, a CR 50.02 motion can be joined with a motion for a new trial under CR 59.01, but Brewer's motion made no reference to a new trial.

2. The only exception to these deadlines is for the discovery of new evidence that reasonably could have affected the jury's determination of guilt or sentencing. RCr 10.06(1). Discovery of a juror's disqualification is not newly discovered evidence.

In view of these considerations, it is clear that the time restrictions placed upon the defendant by the Kentucky Rules of Criminal Procedure satisfactorily protect any due process concerns of a defendant who knew about the potential disqualification of a juror in time to file a proper and timely motion pursuant to RCr 10.02(1).

For the foregoing reasons, the Jefferson Circuit Court's order declaring Ms. Brewer's verdict void *ab initio* and granting her a new trial is reversed, the verdict of conviction is reinstated, and a judgment of conviction is ordered to be entered.

ALL CONCUR.