## Tackett, et al. v. Cooper, et al.

(Decided December 6, 1918.)

### Appeal from Johnson Circuit Court.

1.  Appeal and Error—Final Order—Effect of.—A final order or judgment from which an appeal will lie, either terminates the action itself, or operates to divest some right in such manner as to put it out of the power of the court making the order, after the expiration of the term, to place the parties in their original condition.

2.  Appeal and Error—Final Order.—An order refusing to permit the claimant of an attached fund to file an intervening petition claiming the fund, but which did not award the fund to any one, is not a final order.

M. L. ROBINSON for appellants.

D. J. WHEELER for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Dismissing appeal.

When Cooper sued F. M. Tackett and Joseph Mc-Carty in the Johnson quarterly court to recover $150.00 due upon their note given for the purchase price of a pair of mules, they counterclaimed asking $75.00 damages, for breach of warranty.

Judgment went for the plaintiffs in the quarterly court; and by supplementary proceedings they attached $211.50, deposited in a local bank to the credit of Mrs. M. J. Tackett. The petition alleged that the money belonged to F. M. Tackett. The defendant F. M. Tackett answered saying the money belonged to A. J. Tackett, his father, and asked that it be so adjudged. The judgment in the attachment suit declared that the money belonged to F. M. Tackett and should be applied to the payment of his debt.

Upon appeal to the circuit court A. J. Tackett tendered his verified pleading claiming the $211.50; but the court overruled his motion to file it, and he appeals.

The case is now submitted upon appellees' motion to dismiss A. J. Tackett's appeal, upon the ground that he was not a party to the action in the lower court. The ground of the motion is not well chosen, since the refusal of the lower court to make appellant a party, is the gravamen of his complaint; that is the error he now seeks to correct.

The motion will, however, have to be sustained for a different reason. The order overruling A. J. Tackett's motion to file his claimant's petition was erroneous, but not final.

"A final order or judgment from which an appeal will lie to this court, either terminates the action itself, or operates to divest some right in such manner as to put it out of the power of the court making the order, after the expiration of the term, to place the parties in their original condition." Harrison v. Lebanon Water Works, 91 Ky. 257.

To be final in this case, the judgment or order must put an end to the case by giving the money in controversy to one of the parties claiming it. Until that is done, the case is still pending and untried. The Trade Discount Co. v. J. R. Cox & Co., 143 Ky. 315.

The order appealed from merely denied appellant's application to be made a party claiming the fund; but it did not award the fund to any one. The court yet has control of it, and may yet permit appellant to file his claimant's petition, as it should do, at any time before the fund is distributed. Civil Code, sec. 29; Fairthorne v. Wigginton, 11 B. M. 368; Pool v. Pool, 182 Ky. 241.

Appeal of A. J. Tackett dismissed.