# Keffer et al. v. Keffer.

June 22, 1948.

W. H. Counts and John M. Theobald for appellants.

H. R. Wilhoit for appellee.

OPINION OF THE COURT BY JUDGE SILER—Dismissing appeal.

This appeal was prosecuted from a chancellor's order sustaining exceptions to a judicial sale and vacating the same in a suit seeking to sell land and distribute the proceeds.

Appellants contend that the order must be reversed because the exceptions should have been overruled and the sale confirmed. But appellee contends that this appeal must be dismissed because the chancellor's order was not final in its nature.

This suit brought brothers and sisters, as well as others of lesser kinship, into opposing alignment for an ultimate liquidation of this real estate of their common inheritance. One brother, Smithfield Keffer, the appellee, successfully bid the sum of $4000 for one tract of this land at the court's decretal sale. However, this

appellee purchaser soon became dissatisfied with his purchase and filed his own exceptions to the sale. The chancellor, as stated, vacated the sale. The merits of the judgment proper against the land are not involved. And having found nothing indicating the contrary, we are assuming that this particular tract of land in question is to be resold by proper court order at the proper time and long before the courthouse dust begins to settle on the permanent file of this suit as a closed chapter of litigious history.

KRS 21.060 indicates that our court does not have appellate jurisdiction to review anything but *final* orders and judgments.

The question now before us is whether the chancellor's order vacating Smithfield Keffer's *own sale at his own request* is final or interlocutory. A final order means one where the last say has been said, while an interlocutory order means one that is "speaking between" and that is therefore preceding the last say of the trial court on the subject matter at hand.

If an order either terminates an action or operates to divest a right in such manner that the court making the order does not thereafter have power to put the parties in their original condition, then the order is appealable. Commonwealth v. Am. Express Co., 167 Ky. 685, 181 S. W. 353, Ann. Cas. 1916E, 875; Tackett v. Cooper, 182 Ky. 390, 206 S. W. 603; Ky. Heating Co. v. City of Louisville, 178 Ky. 424, 198 S. W. 1150.

Now this order vacating the sale did not terminate the action. And if such order permanently divested any person of a right, it seems to us that the divested person could be none other than Smithfield Keffer, appellee, who was divested of his purchase. But his divestment was at his own desire and he is not herein complaining. Appellants do not now appear to be divested permanently of any right, because on a resale of this property, the land may bring $5000 instead of the $4000 of the vacated sale. But if the land should bring only $3000 on a resale, then the appellants might hereafter be in position to assert that they have been *divested* of a right to $1000 by reason of the chancellor's order vacating this sale made to Smithfield Keffer. In other words, the chancellor appears to have the present power, sim-

ply by ordering a resale, either to put appellants in their original condition or else perhaps put them in a better condition by reason of a subsequent sale at a higher price.

Wherefore, the appeal is dismissed.