**JACOBY et al. v. CARROLLTON FEDERAL SAVINGS & LOAN ASS'N.**

Court of Appeals of Kentucky.
Feb. 8, 1952.

Rehearing Denied March 28, 1952.

William G. Reed, Carrollton, for appellants.

James H. Newman, Carrollton, J. Ballard Clark, LaGrange, for appellee.

WADDILL, Commissioner.

■ This appeal was granted by the circuit court from its order sustaining a demurrer to the third paragraph of appellants' answer, counterclaim, and setoff which necessitates the determination of the preliminary question as to whether or not the order entered is a final one from which an appeal lies to this Court. While the question of our jurisdiction to entertain the appeal is not raised by the parties, jurisdiction cannot be conferred by consent and must be determined by this Court prior to considering the merits of the appeal.

The branch of the case appealed here stems from a foreclosure action instituted by appellee against appellants upon their alleged default in repaying a loan to appellee according to the terms of a written agreement executed by the parties. In response to the suit appellants filed answer which was amended to include a setoff and counterclaim. The circuit court sustained a demurrer to the third paragraph of the amended answer. Apparently other steps in the case await the decision of this Court on the question as to whether or not the circuit court's ruling upon the demurrer was correct.

■ Among the essentials necessary to confer appellate jurisdiction on this Court is that the order appealed from must be a final one. KRS 21.060; Denham v. Town of Wallins, 234 Ky. 626, 28 S.W.2d 965; Happy Coal Co. v. Brashear, 263 Ky. 257, 92 S.W.2d 23; Autry v. Autry, 191 Ky. 42, 229 S.W. 79.

■ A final order means "one where the last say has been said," while an interlocutory order means one that is "speaking between." Keffer v. Keffer, 307 Ky. 831, 212 S.W.2d 314, 315. A final judgment is declared by Section 368 of the Civil Code of Practice to be "a final determination of a right of a party in an action or proceeding."

In 2 Am.Jur., Appeal and Error, Section 23, page 863, an interlocutory judgment or decree is defined as: "* * * one which does not dispose of the cause, but reserves further questions or directions for future determination. It is ordinarily one made pending the cause and before a final hearing on the merits."

It has been held that if an order entered in a cause does not put an end to the action, but leaves something further to be done before the rights of the parties are determined, it is interlocutory and not final. Boxwell v. Greeley Union National Bank, 89 Colo. 574, 5 P.2d 868, 80 A.L.R. 1179; Hubbard v. Hubbard, 303 Ky. 411, 197 S.W.2d 923.

Further, in Turner v. Browder, 18 B. Mon. 825, 57 Ky. 825, quoted with approval in Adkins v. Carol Mining Co., 281 Ky. 328, 136 S.W.2d 32, 35, it was said:

"The distinction between interlocutory orders or judgments and those which are final is thus defined by Blackstone:

" 'Interlocutory judgments are such as are given in the middle of a cause, upon some plea, proceeding or default, which is only intermediate, and does not finally determine or complete the suit.

" 'Final judgments are such as at once put an end to the action, by declaring that the plaintiff has either entitled himself, or has not, to recover the remedy he sues for.' * * *

"The same distinction has been invariably adhered to by this court."

■ The following cases specifically hold that an order dismissing a counterclaim is not a final order from which an appeal lies. Wilhelm v. Hendrick, 177 Ky. 296, 197 S.W. 836; Winchester, etc., Turnpike Road Co. v. Board of Councilmen of

1002

Winchester, 16 Ky.Law Rep. 64; also see, Am.Jur., Vol. 2, Section 76, p. 896.

Under the condition of the record, the authorities cited herein point out that the only course open to us is to deny the appeal for the reason that the ruling appealed from is not a final order. However, an appeal from the order dismissing the counterclaim may be taken by appellant after a final determination of this action in the lower court.

Appeal dismissed.