COMMONWEALTH of Kentucky, Appellant,

v.

Charles Thomas DEVINE, Appellee.

Court of Appeals of Kentucky.

Nov. 12, 1965.

Robert Matthews, Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellant.

Daniel Taylor, Louisville, for appellee.

PALMORE, Judge.

The appellee, Devine, having been fined $100 and costs in the Jefferson Quarterly Court on each of two charges of violating the game laws, appealed the convictions to the Jefferson Circuit Court (KRS 23.032), where the cases were jointly tried anew (KRS 25.070) and resulted in a directed verdict and judgment of acquittal based on the insufficiency of the evidence to warrant a conviction on either charge. The Commonwealth appeals, seeking a reversal and new trial. KRS 21.140(3). Devine has failed to respond.

Before reaching the merits it is necessary to consider whether this court has the authority to reverse for a new trial.

■ KRS 21.140(3), which provides that the Commonwealth may in criminal cases appeal to this court from adverse rulings and decisions of circuit courts, was enacted incident to adoption of the Rules of Criminal Procedure, effective January 1, 1963. It replaces the substantive law formerly contained in Crim.Code §§ 335, 347, and 352. As pointed out in the introductory General Comment to Section XII (Appeals) of the Rules of Criminal Procedure, in the separation and rearrangement of substantive and procedural matters as between the statutes and the rules, provisions regarded as attempts to define double jeopardy were eliminated. As we understand it, therefore, KRS 21.140(3) was intended to allow the Commonwealth an appeal not only for a certification of the law, but also for a reversal in any case in which a new trial would not constitute double jeopardy.

■ "In misdemeanor cases punishable by fine alone the commonwealth may appeal from a judgment of acquittal, and, upon reversal thereof, have a new trial notwithstanding the former verdict and judgment of acquittal." Commonwealth v. Williams, 230 Ky. 71, 18 S.W.2d 881, 882 (1929).

■ The Williams case was followed in Commonwealth v. Moyers, Ky., 272 S.W.2d 670 (1954), the defendant having been acquitted of violating a regulation of the Department of Fish and Wildlife Resources. The offenses Devine is alleged to have committed in the instant case are hunting rabbits out of season, KRS 150.370, and hunting rabbits with headlights, KRS 150.390(2), for which the maximum penalties are, respectively, fines of $100 and $1,000. KRS 150.990 (2) and (8). Hence the Moyers case applies. [1]

■ As briefly as we are able to state it, the evidence found insufficient to support a conviction of Devine was this:

On a November night in 1964 before the rabbit hunting season opened, Roy Toon, a conservation officer of the Department of Fish and Wildlife Resources, having received reports of night rabbit hunting around Long Run Park in eastern Jefferson County, stopped his car at the park entrance and stationed himself about 30 feet off the roadside in the park. At about 10:40 P.M. he saw an automobile coming slowly toward the park entrance with its headlights on.

---

[1] Paradoxically, had the acquittals in this case been returned in quarterly court it would appear that the state could not have appealed. See KRS 23.032.

When the car was 50 to 75 yards from the officer it stopped, and he heard the report and saw the flash of a shotgun fired from the driver's side of the vehicle. As Toon was starting to get back in his car he saw someone out on the side of the road picking up what appeared to be a small animal, and which he took to be a rabbit. Toon began to maneuver his own car out of the park without using his lights, and while engaged in that process he observed the other vehicle proceed on up to the park entrance, turn around, and start back in the opposite direction, again at a slow rate of speed. He followed behind, and at a point some 200 yards distant the vehicle being watched came to a stop with its headlights burning. Toon continued to approach with his own lights off, and turned them on when he had almost reached the parked vehicle, which was a station wagon. Its headlights were still burning, the door on the driver's side was open, and standing in front of it were Devine and a young man. Toon saw Devine hand a shotgun to the young man, who immediately walked or ran back and threw it onto the floor of the station wagon. In reply to a query by Toon as to what he was doing, Devine said he was working on his headlights. Toon noticed the absence of any tools and, upon looking into the station wagon, saw the shotgun on the floor, a shell vest with a load of shells lying on the front seat, and a freshly killed rabbit in a kettle behind the seat. The gun was fully loaded and he could tell from the smell of gunpowder that it had been recently fired. The rabbit, which was still warm and bloody, bore evidence of a charge from a shotgun.

According to the officer's testimony, he informed Devine that he was guilty of about five different offenses, to which Devine's only response was, "I know it." He cited Devine for the two he thought were most important, but did not cite the young man because of a policy against citing "young teenage boys in a violation of this kind." While he was writing out the cita-tions Devine sat in the driver's seat of the station wagon and the boy sat in the back.

The trial court found the evidence shy because Toon could not identify which of the two occupants of the station wagon was driving it, which of them fired the shot, or which of them picked up the rabbit. Without belaboring the matter, it is our opinion that the circumstantial evidence was amply sufficient to sustain a conviction on either or both charges.

The causes are reversed with directions that the Commonwealth be granted a new trial on both charges.