COMMONWEALTH of Kentucky,
Appellant,

v.

Carlos Lee LEWIS and J. Tildon
Crase, Appellees.

Supreme Court of Kentucky.

March 11, 1977.

Ed W. Hancock, Atty. Gen., Martin Glazer, Asst. Atty. Gen., Frankfort, for appellant.

Eugene Goss, Harlan, William Gary Crabtree, London, for appellees.

PALMORE, Justice.

In May of 1975 the Harlan County grand jury indicted Carlos Lee Lewis and J. Tildon Crase for knowingly receiving stolen

property (an automobile) worth $100 or more in violation of KRS 433.290.[1] The indictment stated that the property "had been stolen from Mildred Dishner of Duffield, Virginia."

KRS 433.290 provided that the offender "shall be liable to the same punishment as the person stealing it. . . . although the principal offender has not been convicted." KRS 433.220, the statute covering grand larceny and automobile theft, called for a penalty of one to five years' imprisonment.

On the day of the trial, after the jury had been empanelled and sworn, Lewis and Crase moved for dismissal of the indictment on the ground that it was not a crime in Kentucky to steal a car in Virginia, and that since there was no penalty in Kentucky for stealing in Virginia there could be no punishment under KRS 433.290 for receiving property that was not stolen in Kentucky. The motion was granted and the indictment was dismissed. The Commonwealth appeals.

▇ To make a long story short, we are of the opinion that under KRS 433.290 the receipt in this state of property stolen in another state was punishable the same as if it had been stolen in this state. That seems to be the general rule and it makes sense. See annotation at 67 A.L.R.2d 752, 754, and Roberson's New Kentucky Criminal Law and Procedure (2d ed.), § 95, p. 151.

▇ Having cleverly deferred their motion, however, until the jury had been sworn, Lewis and Crase now contend that they would be put in double jeopardy by another trial. We do not think so. The attachment of jeopardy merely begins the inquiry as to whether the Double Jeopardy Clause of the Fifth Amendment proscribes a retrial. *Illinois v. Somerville*, 410 U.S. 458, 467, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973). When a trial is aborted at the volition of the defendant himself, the considerations are different from those that prevail when the interruption is precipitated by the prosecution or by the trial court sua sponte. *United States v. Dinitz*, 424 U.S. 600, 608, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976). Broadly speaking, if there is no bad faith and the choice has not been forced upon the defendant, he is not in a position to cry double jeopardy when the trial is relaunched. In this instance it is clear that the appellants chose to play a gambit, knowing that the sufficiency of the indictment could and should have been challenged before the trial commenced. They deliberately exposed themselves to the first jeopardy for the transparent purpose of escaping on a technicality. The Double Jeopardy Clause was not designed as a rule of gamesmanship.

▇ Whether KRS 21.140(3) as it existed before amendment by the 1974 General Assembly governs the Commonwealth's right of appeal in this case is immaterial. It was held in *Commonwealth v. Devine*, Ky., 396 S.W.2d 60, 61 (1965) that "KRS 21.140(3) was intended to allow the Commonwealth an appeal not only for a certification of the law, but also for a reversal in any case in which a new trial would not constitute double jeopardy."[2]

The judgment is reversed for further proceedings consistent with this opinion.

All concur.

---

1. The crime was alleged to have taken place in January of 1974. The Kentucky Penal Code, which superseded KRS Chapter 433, became effective on January 1, 1975.

2. See KRS 21.140(4), the present statute relating to the Commonwealth's right of appeal, and

KRS 505.030, the Kentucky Penal Code section covering the effect of a former prosecution for the same offense. The point at which jeopardy now attaches is the swearing of the first witness.