**COMMONWEALTH of Kentucky, Appellant,**

**v.**

**Eugene HOWARD, Appellee.**

Court of Appeals of Kentucky.

March 9, 1984.

David L. Armstrong, Atty. Gen., Gerald Henry, Asst. Atty. Gen., Frankfort, for appellant.

John M. Lyttle, John T. Aubrey, Manchester, for appellee.

Before LESTER, McDONALD and WHITE, JJ.

McDONALD, Judge:

In this appeal the commonwealth seeks the answer to whether an absent witness's tape-recorded sworn testimony and cross-examination thereon at a prior bond reduction hearing can be admitted at the defendant's trial.

*Factual Background*

Eugene Howard, the defendant in the circuit court, was indicted for the murder of Walter Sizemore. Dalia Howard, a crucial witness for the commonwealth, is not to be found and is believed to be in hiding and purposely evading court process which would assure the court of her live testimony at the pending trial of Eugene Howard.

Dalia is the former wife of Eugene Howard and the mother of his children. After she divorced Eugene she began dating the victim, Walter Sizemore.

The testimony that is crucial to the commonwealth is summarized from the bond reduction hearing as follows: Dalia testified that Eugene repeatedly threatened to kill both Sizemore and herself because they were dating; Eugene made such threats for the last time on the day that Sizemore was killed; Eugene told Dalia that if she testified against him he would kill her and their children; and Eugene told her that he had shot into her house and she later found a bullet hole over the head of her bed.

The trial court questioned whether testimony at a bond reduction hearing was of the same weight as testimony at a preliminary hearing or prior trial, and therefore ruled that the testimony of Dalia Howard could not be used at the trial. The trial court further ordered that the commonwealth seek an answer to this question from the appellate level. The issue framed by the commonwealth is that the prior testimony of the witness, Dalia Howard, should have been admitted for use at trial. The witness was crucial, was unavailable at trial, and her prior testimony was reliable. In refusing to admit the prior testimony under these circumstances, the trial court committed reversible error.

First, appellee Howard contends that this court does not have jurisdiction concerning the matter because it is a certification of law which only the Supreme Court may answer. Appellee relies upon the recent authority of *Thompson v. Commonwealth*, Ky., 652 S.W.2d 78 (1983), which establishes that the certification of law is reserved to the highest appellate court and not the Court of Appeals. We construe the appellee's argument to be off-base because a certification of law, while reserved by the Supreme Court under the *Thompson* decision to be *ab initio*, its own jurisdiction, it is nevertheless only appropriate where a final judgment has been rendered. The proceeding before us is pursuant to K.R.S. 22A.020 which provides, in appropriate sections, as follows:

(4) An appeal may be taken to the Court of Appeals by the state in criminal cases from an adverse decision or ruling of the circuit court, but only under the following conditions:

(a) Such appeal may not suspend the proceedings in the case.

(b) Such appeal shall be taken in the manner provided by the Rules of Criminal Procedure and the Rules of the Supreme Court, except that the record on appeal shall be transmitted by the clerk of the circuit court to the attorney general; and if the attorney general is satisfied that review by the Court of Appeals

is important to the correct and uniform administration of the law, he may deliver the record to the clerk of the Court of Appeals within the time prescribed by the above-mentioned rules.

(c) When an appeal is taken pursuant to this subsection, the Court of Appeals, if the record so warrants, may reverse the decision of the circuit court and order a new trial in any case in which a new trial would not constitute double jeopardy or otherwise violate any constitutional rights of the defendant.

This statutory procedure was explained in *Eaton v. Commonwealth*, Ky., 562 S.W.2d 637 (1978), where it states,

A Commonwealth's Attorney seeking an appeal of discretionary rulings within a trial court's jurisdiction has a remedy. See KRS 22A.020(4).... In this connection, this court construes the term "proceedings" as used in KRS 22A.020(4)(a) as referring to proceedings after the attachment of jeopardy. Unless the constitutional right to a speedy trial were unduly threatened, we see no reason why an interlocutory "ruling" entered prior to trial, if it decides a matter vital to the Commonwealth's case, could not be reviewed by appeal.

 Therefore, we conclude that this appeal is not a certification of law and therefore *Thompson v. Commonwealth* is not applicable. The commonwealth is proceeding in a perfectly legal manner as prescribed by statute and this court has jurisdiction of the procedure.

Next, we will discuss the substantive question of whether the sworn testimony of the witness at the bond-reduction hearing which was subject to cross-examination, is admissible at the trial of the defendant.

In the Supreme Court of the United States case, *State of Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), a similar situation was decided involving the confrontation clause of the Sixth Amendment of the United States Constitution. There, a witness, the daughter of the victim, testified at a preliminary hearing in a case involving a forged check and possession of stolen credit cards. At the defendant's trial, the daughter did not appear although numerous subpoenas had been issued for her attendance. Because of her failure to attend and unavailability the transcript of her preliminary hearing testimony was offered in evidence and admitted. The Supreme Court's opinion held that the introduction in evidence of the preliminary hearing testimony of the witness did not violate the confrontation clause of the Sixth Amendment because: (1) the witness's prior testimony bore sufficient indicia of reliability and afforded the trier of fact a satisfactory basis for evaluating the truth of the prior statement, even though defense counsel's questioning of the witness occurred on direct examination —counsel's questioning being replete with leading questions and comporting with the principal purpose of cross-examination to challenge the declarant's truth-telling, perception, memory, and meaning—and even though the witness was not personally available for questioning at trial and the defendant had a different lawyer at trial from the one at the preliminary hearing, and (2) the record disclosed that the witness was constitutionally unavailable for purposes of defendant's trial. The test is whether the prior testimony was subjected to cross-examination, the integrity of the fact-finding process of the prior testimony, the trustworthiness and the reliability of the prior testimony, and the unavailability of the witness and what measures were taken to have the witness available for trial. If all of these tests can be satisfied, then the case of *Ohio v. Roberts* instructs us that while there is a preference for face to face confrontation at trial, the confrontation requirement of the Sixth Amendment is nevertheless satisfied by the admission of prior testimony.

*Ohio v. Roberts* providing insight to the federal standards, we now look to our own criminal rules of procedure, namely RCr 7.22, TRANSCRIPT OF PREVIOUS TESTIMONY. It states:

.

For purposes of Rule 7.20 a duly authenticated transcript of testimony given by a witness in a previous trial of the same offense in any district or circuit court on the same charge shall be the equivalent of a deposition.

RCr 7.20. USE OF DEPOSITIONS; OBJECTIONS states:

(1) At the trial or upon any hearing, a part or all of a deposition, so far as otherwise admissible under the rules of evidence, may be used if it appears: that the witness is dead; or that the witness is out of the Commonwealth of Kentucky unless it appears that the absence of the witness was procured by the party offering the deposition; or that the witness is unable to attend or testify because of sickness or infirmity; or that the party offering a deposition had been unable to procure the attendance of the witness by subpoena. . . .

The leading Kentucky case on point is *Wells v. Commonwealth*, Ky., 562 S.W.2d 622 (1978) (cert. den.), 439 U.S. 861, 99 S.Ct. 181, 58 L.Ed.2d 170. The *Wells* case holds that it would be utter absurdity to say that testimony given by a witness in court could not thereafter be used under circumstances in which, had it been taken by deposition outside the courtroom, it could be used. Surely it must follow that the statutory proscription against its admissibility without consent of the defendant has been superseded by the procedural rules applicable to depositions and can no longer be regarded as having any practical or legal effect.

■ It is our opinion that if the prior testimony is found by the trial court to be reliable and trustworthy, and the witness was subjected to cross-examination, it makes no difference whether the prior testimony comes by way of deposition, previous trial, preliminary hearing, or as in this case, a bond reduction hearing, provided the same offense and charge are being dealt with.

We conclude the trial court was in error and respectfully direct that the order entered disallowing the prior testimony be vacated. Further, if the prior testimony is determined to be trustworthy, consistent with this opinion, then it is to be admitted in the defendant's trial on the charge in the indictment.

All concur.