COMMONWEALTH of Kentucky,
Appellant,

v.

James BAILEY, Appellee.

No. 1999–SC–1004–DG.

Supreme Court of Kentucky.

March 21, 2002.

As Amended April 29, 2002.

A.B. Chandler, III, Attorney General, Dennis W. Shepherd, Office of Attorney General, Criminal Appellant Division, Frankfort, Jay A. Wethington, Owensboro, Counsel for Appellant.

Ben S. Fletcher, III, Fletcher, Cotthoff & Willen, Hopkinsville, Counsel for Appellee.

KELLER, Justice.

## I. ISSUE

After a jury found Appellee guilty of a felony offense, the trial court granted him a new trial. The Commonwealth appealed from the trial court's new trial order and asked the Court of Appeals to reinstate the jury's verdict. The Court of Appeals held that the Commonwealth could not obtain the relief it requested because the Commonwealth could appeal from a new trial order only for the purpose of certifying the law. Accordingly, the Court of Appeals declined to review the circuit court's order and dismissed the Commonwealth's appeal. Is the Commonwealth's appeal from an order granting a new trial limited to a certification of the law? Because we find that, in the context of an appeal by the Commonwealth from an order granting a new trial, KRS 22A.020(4) authorizes the Court of Appeals to reverse the trial court's ruling and to reinstate the trial verdict, we hold that the Commonwealth is not limited to seeking certification of the law when a trial court grants a motion for a new trial.

## II. FACTS

A Christian Circuit Court jury found Appellee, a deputy county clerk, guilty of Tampering With Public Records, a violation of KRS 519.060, and recommended the minimum sentence of one (1) year. At trial, the Commonwealth introduced evidence suggesting that Appellee had deliberately under-reported monies collected by the county clerk's office from the public and diverted this money to a co-defendant who was tried separately. Before his formal sentencing, Appellee filed a motion for a judgment notwithstanding the verdict (or "JNOV," an abbreviated form of the Latin

"judgment non obstante veredicto")[1] or, in the alternative, for a new trial.[2] In an order ruling favorably upon Appellee's motion, the trial court expressed its concern that the jury's verdict had been influenced by irrelevant testimony concerning other office practices in the county clerk's office, and thus ordered: "A judgment n.o.v. is granted and a new trial ordered which will deal only with whether or not KRS 519.060 was violated as it regards how the money was handled and receipted going out of the box."

The Commonwealth appealed to the Court of Appeals from this order. The Court of Appeals characterized the trial court's order as one granting a new trial rather than a JNOV, held that the Commonwealth could not appeal from such an order except for purposes of certifying the law, and, inasmuch as the Commonwealth did not raise any issue for certification, dismissed the Commonwealth's appeal. The Commonwealth sought, and this Court granted, discretionary review to consider issues relating to the right of appeal provided for by KRS 22A.020(4).

## III. CHARACTERIZATION OF TRIAL COURT'S ORDER

▪▪▪ We agree with the Court of Appeals that the trial court's order granted a new trial pursuant to RCr 10.02 rather than a JNOV pursuant to RCr 10.24. Although certain language in the order purports to grant a JNOV, we find the language that orders a new trial dispositive as to the trial court's clear intent. A JNOV would constitute an acquittal of the charge[3] that would leave nothing to be decided at a subsequent trial under the indictment. In other words, to grant both a JNOV and a new trial is a conflict in the use of the terms because a trial court could grant one *or* the other, but not both because "[a] motion for JNOV raises the single question: whether the evidence is sufficient to sustain a conviction."[4] However, "RCr 10.02 permits a trial court to grant a new trial for any cause which prevented the defendant from having a fair trial, or if required in the interest of justice."[5] Under RCr 10.02, therefore, absent a cause that does not appear from the record of the trial, "the trial judge's au-

1. RCr 10.24:
 Not later than five (5) days after the return of a verdict finding a defendant guilty of one or more offenses, or after the discharge of the jury following their having not returned a verdict, a defendant who has moved for a directed verdict of acquittal at the close of all the evidence may move to have the verdict set aside and a judgment of acquittal entered, or for a judgment of acquittal. Likewise, if a defendant has been found guilty under any instruction to which at the close of all the evidence such defendant objected upon the ground that the evidence was not sufficient to support a verdict of guilty under that instruction, that defendant may move that to that extent the verdict be set aside and a judgment of acquittal entered. A motion for a new trial may be joined with this motion.

2. RCr 10.02:
 (1) Upon motion of a defendant, the court may grant a new trial for any cause which prevented the defendant from having a fair trial, or if required in the interest of justice. If trial was by the court without a jury, the court may vacate the judgment, take additional testimony and direct the entry of a new judgment.
 (2) Not later than ten (10) days after return of the verdict, the court on its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a defendant, and in the order shall specify the grounds therefor.

3. RCr 10.24.

4. Leslie Abramson, 9 Kentucky Practice, Criminal Practice and Procedure (3rd ed.), § 32.10 (West Group 1997).

5. *Collins v. Commonwealth*, Ky., 951 S.W.2d 569, 576 (1997).

thority would not differ from that of this court in reviewing the case on appeal ....".[6] Stated otherwise, a motion for a new trial is generally directed towards alleged errors committed during the course of the trial, while a motion for JNOV is directed towards the sufficiency of the evidence. In the case *sub judice*, the trial court's order reflects the court's belief that certain evidence admitted at Appellee's trial affected the fairness of the proceedings, but the court clearly did not determine that the evidence presented was insufficient to support the jury's guilty verdict.[7] We agree with the Court of Appeals that the trial court did not intend to acquit Appellee of the offense by granting a JNOV, but rather granted him a new trial at which a jury could again deliberate the evidence.

**6.** *Jackson v. Commonwealth*, Ky., 445 S.W.2d 835, 838 (1969).

**7.** In fact, the trial court's order acknowledges that factual issues appropriate for jury resolution remain concerning Appellee's dispersal of collected funds:

> If the only evidence ... had dealt with how money was placed in the box and 'accounted' for, then this Court would have directed a verdict of acquittal and conversely no conviction could be had for making a false entry or really no entry at the time the money was received. If the Defendant has violated KRS 519.060, it must be based upon what happened to the money once placed in the box.... *The question left for the jury* concerning the tampering statute is whether or not the way the money was dispersed constitutes making a false entry pursuant to the statute.

(emphasis added).

**8.** KY. CONST. § 115:

> In all cases, civil and criminal, there shall be allowed as a matter of right at least one appeal to another court, except that *the Commonwealth may not appeal from a judgment of acquittal in a criminal case, other than for the purpose of securing a certification of law* .... Procedural rules shall provide for expeditious and inexpensive ap-

## IV. APPEALS FROM AN ORDER GRANTING A NEW TRIAL

While the Kentucky Constitution prohibits the Commonwealth from appealing a judgment of acquittal in a criminal case,[8] this Court has held (in the context of the Commonwealth's appeal from an order granting a JNOV) that the Constitution "does not prevent an appeal by the Commonwealth when a jury has returned a verdict of guilty which has been set aside by a ruling of law to a postverdict motion."[9] The same logic supports the conclusion that no constitutional prohibition prevents the Commonwealth from appealing an order granting a new trial. However, because new trial orders have been characterized not as final orders,[10] but as interlocutory orders, the state—in the absence of a statute or rule—generally can-

> peals. Appeals shall be upon the record and not by trial de novo.
> (emphasis added).

**9.** *Commonwealth v. Brindley*, Ky., 724 S.W.2d 214, 216 (1986).

**10.** Black's Law Dictionary 1123 (7th ed. 1999) ("An order that is dispositive of the entire case."); 4 Am.Jur.2d, Appellate Review § 87 ("The classic definition of a final decision, for the purpose of determining appealability, is a decision which terminates the litigation on the merits and leaves nothing for the court to do but execute the judgment."); *Keffer v. Keffer*, 307 Ky. 831, 212 S.W.2d 314, 315 (1948) ("A final order means one where the last say has been said, while an interlocutory order means one that is 'speaking between' and that is therefore preceding the last say of the trial court on the subject matter at hand."); *Faulkner v. Faulkner*, 270 Ky. 693, 110 S.W.2d 465, 470 (1937) ("[W]e have repeatedly held that final judgments are 'such as at once put an end to the action by declaring that the plaintiff has either entitled himself or has not to recover the remedy he sues for'; also that a final order, from which an appeal may be prosecuted, is (as again defined) one which 'either terminates the action itself, decides some matter litigated by the parties, or operates to divest some right in such manner as to

not bring a direct appeal [11] from an order setting aside a jury's verdict and granting a new trial in a criminal case.[12]

The Judicial Amendment [13] authorized the General Assembly to prescribe the appellate jurisdiction of the newly-created Court of Appeals:

> The Court of Appeals shall have appellate jurisdiction only, except that it may be authorized by rules of the Supreme Court to review directly decisions of administrative agencies of the Commonwealth, and it may issue all writs necessary in aid of its appellate jurisdiction, or the complete determination of any cause within its appellate jurisdiction. In all other cases, *it shall exercise appellate jurisdiction as provided by law.*[14]

And, as part of the legislative package implementing the recently-adopted Judicial Amendment, the legislature enacted KRS 22A.020(4) [15] and authorized the Commonwealth to file an interlocutory appeal [16] from "an adverse decision or ruling" of the circuit court:

An appeal may be taken to the Court of Appeals by the state in criminal cases from an adverse decision or ruling of the Circuit Court, but only under the following conditions:

(a) Such appeal shall not suspend the proceedings in the case.

(b) Such appeal shall be taken in the manner provided by the Rules of Criminal Procedure and the Rules of the Supreme Court, except that the record on appeal shall be transmitted by the clerk of the Circuit Court to the Attorney General; and if the Attorney General is satisfied that review by the Court of Appeals is important to the correct and uniform administration of the law, he may deliver the record to the clerk of the Court of Appeals within the time prescribed by the above-mentioned rules.

(c) When an appeal is taken pursuant to this subsection, the Court of Appeals, if the record so warrants, may reverse the decision of the Circuit Court and order a new trial in any

put it out of the power of the court making the order, after the expiration of the term, to place the parties in their original position.' " (citations omitted)).

11. We use the term "direct appeal" in contrast to a proceeding for extraordinary relief in the form of a petition for a writ of prohibition or writ of mandamus, whereby review of an interlocutory order, ruling, or decision of a trial court is sought by filing an original action in the Court of Appeals pursuant to CR 76.36.

12. 4 Am.Jur.2d, Appellate Review §§ 184, 223.

13. Ky. Const. §§ 109–124 (ratified by the voters at the regular election in November, 1975 and effective January 1, 1976).

14. Ky. Const. § 111(2) (effective January 1, 1976) (emphasis added). Even prior to the adoption of the Judicial Amendment, the leg-

islature prescribed the jurisdiction of the then Court of Appeals, this Court's predecessor:

> The Court of Appeals shall have appellate jurisdiction only, which shall be coextensive with the State, under such restrictions and regulations not repugnant to this Constitution, as may from time to time be prescribed by law. Ky. Const. § 110 (repealed January 1, 1976 with the effective date of the Judicial Amendment).

15. 1976 Ky. Acts, ch. 70 § 3(4) (codified as KRS 22A.020(4)); *Id.* § 9 ("Whereas the new constitutional provisions relating to courts became effective January 1, 1976, an emergency is declared to exist, and this Act shall become effective upon its passage and approval by the Governor.").

16. "An appeal that occurs before the trial court's final ruling on the entire case." Black's Law Dictionary 94 (7th ed.1999).

case in which a new trial would not constitute double jeopardy or otherwise violate any constitutional rights of the defendant.

■ Subsections (a) and (b) of KRS 22A.020(4) are analogous to sections 335 and 337 of Kentucky's former Code of Practice in Criminal Cases:

An appeal shall only be taken on a final judgment, except on behalf of the Commonwealth. An appeal by the Commonwealth from a decision of the circuit court shall not suspend the proceedings in the case. The decision of the Court of appeals shall be obligatory on the circuit courts, as being the correct exposition of the law.[17]

If an appeal on behalf of the Commonwealth be desired, the Commonwealth's attorney shall pray the appeal . . ., whereupon the clerk shall immediately make a transcript of the record and transmit the same to the attorney-general, or deliver the transcript to the Commonwealth's attorney, to be transmitted by him. If the attorney-general, on inspecting the record, be satisfied that error has been committed to the prejudice of the Commonwealth, upon which it is important to the correct and uniform administration of the criminal law that the Court of Appeals should decide, he may, by lodging the transcript in the clerk's office of the Court of Appeals, within sixty days after the decision, take the appeal.[18]

In construing those sections, this Court's predecessor stated, "Sections 335 and 337, when construed together, appear to authorize this court to review any ruling of the court below in felony cases, whether it be final or not, and without reference to whether the judgment be upon a verdict of a jury or whether it be a bar to another prosecution for the same offense."[19] We agree with our predecessor, and in construing KRS 22A.020(4)(a) & (b), we find that the General Assembly has authorized the Commonwealth to appeal a circuit court order granting a new trial in a criminal case regardless of whether or not the order is a final order.[20]

17. Code of Practice in Criminal Cases (1877) (repealed 1963) § 335.

18. *Id.* § 337.

19. *Commonwealth v. Cain,* 77 Ky. 525, 14 Bush 525, 531 (1879); *Commonwealth v. Matthews,* 89 Ky. 287, 12 S.W. 333 (1889); *Commonwealth v. Neal,* 223 Ky. 665, 4 S.W.2d 685, 686 (1928) ("The Criminal Code authorizes an appeal by the commonwealth from any decision of the circuit court for the purpose of having the law certified.").

20. We recognize, however, that a new trial order in a criminal case is different from a new trial order in a civil case. Unlike a civil case, the review of a new trial order in a criminal case may not be effectively deferred until after another trial. If the defendant is acquitted upon retrial, the criminal proceedings against the defendant are concluded and the doctrine of double jeopardy would bar the Commonwealth from seeking review of the new trial order except for the purpose of certifying the law. *See* KRS 505.030(1)(a). This Court has defined an appealable order as "one which 'operates to divest some right in such a manner as to put it out of the power of the court making the order . . . to place the parties in their original condition.'" *Murty Bros. Sales Inc. v. Preston,* Ky., 716 S.W.2d 239, 241 (1986) (citation omitted). If a defendant is acquitted upon retrial, double jeopardy principles prevent the trial court from placing the Commonwealth back in the position it had secured with a guilty verdict. Therefore, considering the effect of an order granting a defendant a new trial in a criminal case, it may properly be classified as a final order as to the Commonwealth. But, we need not reach that issue in this case since the legislature by virtue of KRS 22A.020(4) has authorized the Commonwealth to appeal a new trial order in a criminal case. Finally, we would note that 18 U.S.C. § 3731 affords the government a right of appeal from an order of a district court granting a new trial

■ The question remaining before us, however, is whether the Commonwealth may appeal a new trial order in a criminal case for the purpose of seeking reinstatement of a trial verdict of guilty or whether the Commonwealth may bring such an appeal only for the limited purpose of certifying the law. Previously, in *Commonwealth v. Littrell*,[21] this Court—after reviewing the creation and evolution of the Commonwealth's right of appeal in criminal cases [22] and recognizing the importance of providing the Commonwealth with a means of seeking review of a new trial order [23]—held that the Commonwealth's attorney could seek review of a new trial order only for the purpose of certification:

> [T]he rule which we here enunciate ... is that a review will lie, in proper cases, from the granting of a new trial in a criminal case, but only for the purpose of certifying the law. Obviously, once the law is so certified, it becomes the law of the Commonwealth and, in particular, the law of the case being reviewed.[24]

However, in an attempt to fashion a procedure affording the Commonwealth complete relief—i.e., reinstatement of the jury's verdict—the *Littrell* Court suggested a procedural step for Commonwealth's Attorneys to follow in future cases [25] where

---

after verdict or judgment in a federal prosecution.

**21.** Ky., 677 S.W.2d 881, 885 (1984).

**22.** "No review of criminal cases as of right existed at common law. The right to appeal a criminal conviction is not inherent in the Federal Constitution. . . . In short, the right to appeal a criminal conviction *exists solely by* virtue of statute [or a state's constitution]." 4 Am.Jur.2d, Appellate Review § 222.

**23.** *Commonwealth v. Littrell, supra* note 21 at 886:

> With trials becoming ever longer and ever more expensive, *it is* equally *incumbent upon the prosecuting officers* of the Commonwealth in proper cases *to try to prevent long and expensive delays in final dispositions of criminal cases because of erroneous granting of new trials.* The public has a large stake in the fair and impartial administration of our criminal justice system and *a timely appeal from an abused discretion may be the only remedy available* to them.

(emphasis added). The wisdom of allowing the Commonwealth to appeal from interlocutory orders has been recognized in this jurisdiction for more than a century. *See Commonwealth v. Matthews*, Ky., 89 Ky. 287, 12 S.W. 333, 333–334 (1889):

> If a defendant be tried and acquitted, he cannot, of course, be again tried, although

his release may free a guilty man, and be the result of erroneous decisions of legal questions by the trial court. The injury to the state and the public is then beyond cure as to that particular case. Owing to this fact, doubtless, the legislature saw proper to give to the commonwealth the right to an appeal from a decision of the trial court, although not final in character. It gives no advantage to the state over the accused. He is amply protected, as we have already seen, by the right to appeal from a final judgment. It is, indeed, only fair to the public, and proper for its protection, because otherwise the guilty might escape by an acquittal resulting from legal errors. . . The legislature doubtless supposed, and with reason, that the same questions would arise upon a future trial, and that it was necessary to a fair administration of justice to allow the state to at once correct any error by an appeal.

**24.** *Commonwealth v. Littrell, supra* note 21 at 885.

**25.** This was the second appeal in *Littrell*. In the first appeal, the Court of Appeals in a "Not To Be Published" opinion set aside the trial court's order granting a new trial and directed the trial court to proceed with the sentencing hearing. This Court granted discretionary review and in a "Not To Be Published" opinion reversed the Court of Appeals' decision stating, "[t]here is no appeal from an interlocutory decree granting a new trial, thus

an appellate court determines that the trial court abused its discretion in granting a new trial:

> [I]t then becomes incumbent on the Commonwealth's Attorney, in the trial court, to make such motions and take such steps as are necessary to bring the matter to the trial court's attention for proper reconsideration.[26]

We do not believe that this procedure is necessary, and we overrule *Littrell* to the extent it limits the Commonwealth's appeal of a new trial order to a certification of the law.

KRS 22A.020(4)'s immediate statutory predecessor, KRS 21.140, was originally enacted in 1962 upon the repeal of the Code of Practice in Criminal Cases.[27] In 1974, the General Assembly amended KRS 21.140,[28] and, until its repeal in 1976,[29] that provision read as follows:

> (3) An appeal may be taken to the Court of Appeals by the state from an adverse decision or ruling of the circuit judge and such an appeal shall not suspend the proceedings in the case. An appeal by the state shall be taken in the manner provided by the Rules of Criminal Procedure, except that the record on appeal shall be transmitted by the clerk of the circuit court to the Attorney General. If the Attorney General is satisfied, after inspecting the record, that error has been committed to the prejudice of the state, upon which it is important to the correct and uniform administration of the law that the Court of Appeals should decide, he may deliver the record to the Clerk of the Court of Appeals within the time prescribed by the Rules of Criminal Procedure.
>
> (4) When an appeal is taken pursuant to subsection (3), *the Court of Appeals, if the record so warrants, may reverse the decision of the circuit court* and order a new trial in any case in which a new trial would not constitute double jeopardy or otherwise

---

the Court of Appeals did not have jurisdiction." The case was then remanded to the trial court for the previously granted new trial. "A new trial was held and the newly discovered evidence to which the Commonwealth had objected and upon which its appeal to the Court of Appeals had been predicated was admitted in evidence and a verdict of acquittal followed. [Littrell's] acquittal, however jaded the evidence or the procedure, serve[d] as a complete and final bar as to any further proceeding against him." *Id.* at 882–883. For this reason, the procedure suggested by the Court in *Littrell* was of no benefit to the Commonwealth in that case.

26. *Id.* at 886. This procedural step was properly attributed to a subtle suggestion in *Commonwealth v. Wilson*, 215 Ky. 743, 286 S.W. 1065, 1066 (1926) ("Although we may not reverse the ruling of the lower court granting the new trial, since it is not a final order, yet we may declare the foregoing to be a correct exposition of the law, which should be binding on the circuit court on the proper steps

being taken by the commonwealth to secure that end." (citation omitted)).

27. KRS 21.140 was first enacted in 1962 upon the repeal of the Criminal Code and the simultaneous adoption of the Kentucky Rules of Criminal Procedure and subsection (3) provided: "An appeal may be taken to the Court of Appeals by the Commonwealth from an adverse decision or ruling of the circuit judge and such an appeal shall not suspend the proceedings in the case." 1962 Ky. Acts, ch. 234, §§ 1, 61(2), 63. The statute was amended in 1964 but only to add language, which is almost identical to the language used now in KRS 22A.020(4)(b), regarding the approval of the Attorney General for an appeal by the Commonwealth. 1964 Ky. Acts, ch. 72, § 1(3).

28. 1974 Ky. Acts, ch. 406, § 297(4).

29. KRS 21.140, in its entirety, was repealed as part of the legislative package enacted to implement the Judicial Amendment. 1976 Ky. Acts ch. 67 §§ 14, 15.

violate any constitutional rights of the defendant.[30]

KRS 22A.020(4) is therefore almost identical to subsections (3) and (4) of KRS 21.140. Our predecessor Court twice interpreted the provisions of KRS 21.140 to authorize the Commonwealth to bring an interlocutory appeal from a trial court's ruling not merely for certification of the law, but to obtain relief from the ruling.

In *Commonwealth v. Devine*,[31] the trial court granted the defendant a directed verdict based on the insufficiency of the evidence, and the Commonwealth appealed. This Court's predecessor construed KRS 21.140(3) and held:

KRS 21.140(3), which provides that the Commonwealth may in criminal cases appeal to this court from adverse rulings and decisions of circuit courts, was enacted incident to adoption of the Rules of Criminal Procedure, effective January 1, 1963. It replaces the substantive law formerly contained in Crim. Code §§ 335, 347, and 352. As pointed out in the introductory General Comment to Section XII (Appeals) of the Rules of Criminal Procedure, in the separation and rearrangement of substantive and procedural matters as between the statutes and the rules, provisions regarded as attempts to define double jeopardy were eliminated. As we understand it, therefore, KRS 21.140(3) was intended to allow the Commonwealth an appeal not only for a certification of the law, but also for a reversal in

any case in which a new trial would not constitute double jeopardy.[32]

As such, the Court clearly expressed its opinion that the legislature had—even before the 1974 Amendments—authorized the Court of Appeals to grant the Commonwealth substantive relief upon appeal.[33]

In *Commonwealth v. Lewis*,[34] the Court again addressed the Commonwealth's right of appeal under KRS 21.140. In *Lewis*, the defendants successfully moved the trial court to dismiss a felony theft indictment on the grounds that the property had actually been stolen in Virginia instead of Kentucky. The Commonwealth appealed and the Supreme Court, after determining that double jeopardy would not prevent a retrial, indicated that the 1974 amendment to KRS 21.140—which added the provision specifically authorizing the Court of Appeals to reverse the circuit court—was "immaterial," reiterated its prior holding in *Devine*, and reversed the dismissal:

Whether KRS 21.140(3) as it existed before amendment by the 1974 General Assembly governs the Commonwealth's right of appeal in this case is immaterial. It was held in *Commonwealth v. Devine*, Ky., 396 S.W.2d 60, 61 (1965) that "KRS 21.140(3) was intended to allow the Commonwealth an appeal not only for a certification of the law, but also for a reversal in any case in which a new trial would not constitute double jeopardy."

30. 1974 Ky. Acts, ch. 406, § 297(3) & (4) (emphasis added).

31. Ky., 396 S.W.2d 60 (1965).

32. *Id.* at 61.

33. We note that, under the prior Code, the Commonwealth could obtain reversal of *even a jury's* not guilty verdict in a misdemeanor case punishable only by a fine. Code of Practice in Criminal Cases, *supra* note 17 at

§ 352; *Commonwealth v. Williams*, 230 Ky. 71, 18 S.W.2d 881, 882 (1929) ("In misdemeanor cases punishable by fine alone the commonwealth may appeal from a judgment of acquittal, and, upon reversal thereof, have a new trial notwithstanding the former verdict and judgment of acquittal.").

34. Ky., 548 S.W.2d 509 (1977).

The judgment is reversed for further proceedings consistent with this opinion.[35]

After reviewing *Devine* and *Lewis*, we conclude that, like its statutory predecessor, KRS 22A.020(4) authorizes the Court of Appeals to grant the Commonwealth substantive relief. In the case *sub judice*, KRS 22A.020(4) authorizes the Court of Appeals to reverse the trial court's new trial order and reinstate the judgment entered on the jury's verdict if the Court of Appeals determines that the trial court abused its discretion in ordering a new trial.

We assume that the holdings of *Devine* and *Lewis* were not brought to the attention of the *Littrell* Court since the opinion mentions neither case. While KRS 22A.020(4) was set forth in the opinion, the Court did not discuss subsection (c) or otherwise suggest why that subsection did not authorize the intermediate appellate court to reverse a new trial order and reinstate a trial verdict. All of the cases relied upon by the *Littrell* Court in support of its holding were decided prior to the 1962 enactment of KRS 21.140(3)[36]—which this Court previously held in *Devine* and *Lewis* was intended to allow the Commonwealth to appeal for a reversal of a trial court's adverse ruling.

As Justice Palmore recognized in *Devine*, and repeated in *Lewis*, KRS 21.140(3), "was intended to allow the Commonwealth an appeal not only for a certification of the law, but also for a reversal in any case in which a new trial would not constitute double jeopardy."[37] The 1974 amendment to KRS 21.140(3) and the subsequent enactment of KRS 22A.020(4) removed any potential uncertainty by clearly authorizing an appeal by the Commonwealth to the Court of Appeals for the purpose of seeking a reversal of a trial court's "decision or ruling" unless such a reversal would "constitute double jeopardy or otherwise violate any constitutional rights of the defendant."[38] As the relief requested by the Commonwealth would not implicate the constitutional protections against double jeopardy because the Commonwealth seeks *reinstatement* of the jury's verdict, we hold that the appellate procedure provided by KRS 22A.020(4) does not contemplate merely certification of the law, but rather authorizes the Court of Appeals to grant substantive relief.

It has been suggested that an original proceeding seeking extraordinary relief in the nature of a writ of prohibition or mandamus would be a more satisfactory method of handling the appeal of an interlocutory order by the Commonwealth.[39] We respectfully disagree for several reasons. First, regardless of any policy arguments to the contrary, the General Assembly has expressly authorized *the appeal* of such matters to the Court of Appeals subject to certain restrictions set forth in the statute.[40] Thus, the Commonwealth has an

---

**35.** *Id.* at 510.

**36.** The Court did cite *Eaton v. Commonwealth*, Ky., 562 S.W.2d 637 (1978), a post KRS 21.140(3) case, but only as support for the importance of an appeal from an erroneously grant of a new trial. *Commonwealth v. Littrell, supra* note 21 at 886.

**37.** *Supra* note 34.

**38.** KRS 22A.020(4)(c).

**39.** *Commonwealth v. Evans*, Ky.App., 645 S.W.2d 350, 353 (1982) (Wilhoit, J., concurring in part and dissenting in part) ("I believe, however, that a proceeding in the nature of prohibition would be a more satisfactory method of handling this kind of situation.").

**40.** KRS 22A.020(4)(a) ("Such appeal shall not suspend the proceedings in the case."); KRS 22A.020(4)(b).

adequate remedy by appeal from an order granting a new trial, and extraordinary relief would not be appropriate. Second, in contrast to the record available for review on appeal, the record available to appellate courts in original actions is typically extremely abbreviated and often does not provide the information necessary for a thorough review of the issues presented. Finally, the briefing time for an original action is by necessity shorter than that provided for an appeal,[41] and this may lead to a less than complete discussion of the dispositive issues in the case. For these reasons, in the context of an appeal from an order granting a new trial, we find the KRS 22A.020(4) appellate procedure preferable to the extraordinary relief available only through a proceeding for a writ.[42]

**41.** CR 76.36(2) (allowing Respondent ten (10) days to file a response to the petition).

**42.** We recognize, however, that because a KRS 22A.020(4) appeal will not stay trial court proceedings after jeopardy attaches, *see* Part IV(B), *infra*, the Commonwealth may need to seek extraordinary relief from some trial court rulings.

**43.** While *Littrell* was rendered on October 4, 1984, the case number, 83–SC–95–TRG, assigned by the Supreme Court Clerk's Office shows that the appeal was filed in 1983 and, consequently, before the effective date of CR 76.37(10).

**44.** Before the 1983 amendment, effective January 1, 1984, CR 76.37 provided in pertinent part:

> (1) Power to answer.
>
> If there are involved in any proceeding before the Supreme Court of the United States, any Court of Appeals of the United States, any District Court of the United States, the highest appellate court of any other state, or the District of Columbia, questions of law of this state which may be determinative of the cause then pending before the originating court and as to which it appears to the party or the originating court that there is no controlling precedent

## V. APPELLATE REVIEW OF KRS 22A.020(4) APPEALS
### A. THE PROPER COURT

■ We observe that the prior version of CR 76.37 in effect at the time *Littrell* was appealed[43] did not provide for a request for certification of the law by the Commonwealth.[44] This may explain why the *Littrell* Court enunciated a rule that allowed an appeal to the Court of Appeals for the purpose of *certifying* the law regardless of whether the appeal was from a judgment of acquittal or a trial court's ruling or decision. CR 76.37, however, was amended, effective January 1, 1984, to allow the Commonwealth, pursuant to Section 115 of the Kentucky Constitution, to initiate a request for a certification of the law "in the Supreme Court,"[45] but only after "a judgment of acquittal."[46] Accord-

> in the decisions of the Supreme Court and the Court of Appeals of this state, the Kentucky Supreme Court may answer those questions of law when certified to it by the originating court, or after judgment in the District Court upon petition of any party to the proceeding.

The Commonwealth was not authorized by rule to request certification until after the amendment. *Thompson v. Commonwealth*, Ky., 652 S.W.2d 78 (1983).

**45.** After amendment, CR 76.37 provided additionally:

> (10) *Certification of law by the Commonwealth.*
>
> A request by the Commonwealth of Kentucky pursuant to Section 115 of the Constitution of Kentucky for a certification of law shall be initiated in the Supreme Court. ( [A]mended July 8, effective January 1, 1984).

**46.** *Commonwealth v. Howard*, Ky.App., 665 S.W.2d 320, 323 (1984) ( "We construe the appellee's argument to be off-base because a certification of law, while reserved by the Supreme Court under the *Thompson* decision to be ab initio, its own jurisdiction, it is nevertheless only appropriate where a final judgment has been rendered.").

ingly, a request by the Commonwealth for a certification of the law after a judgment of acquittal in circuit or district court will be filed with, and if granted, would proceed in, this Court.[47] With the exception of appeals from circuit court rulings directly affecting the imposition of the death penalty in capital cases—which are reviewed in this Court as a matter of policy[48]—appeals by the Commonwealth pursuant to KRS 22A.020(4) should be brought in the Court of Appeals.[49]

## B. STAY OF TRIAL COURT PROCEEDINGS

 Generally, an appeal divests the trial court of jurisdiction to proceed further in the underlying case.[50] An interloc-

utory appeal, however, generally only deprives the trial court of the authority to act further in the matter that is subject of the appeal, and the trial court is not divested of the authority to act in matters unrelated to the appeal.[51] Notably, KRS 22A.020(4) expressly provides that an appeal pursuant thereto "shall not suspend the proceedings in the case."[52] Does this then mean that the trial court may proceed with the new trial during the appeal? We think not.

The proceedings referred to in KRS 22A.020(4)(a) are "proceedings after the attachment of jeopardy."[53] Consequently, once the proceedings commence and jeopardy attaches, the proceedings will not be suspended while the Commonwealth seeks

47. CR 76.37(10) now reads as follows:
 (10) Certification of law by the Commonwealth.
 A request by the Commonwealth of Kentucky pursuant to Section 115 of the Constitution of Kentucky for a certification of law shall be initiated in the Supreme Court. The request shall be initiated within thirty (30) days of a final order adverse to the Commonwealth. The Commonwealth shall initiate the certification procedure by motion requesting the Supreme Court to accept the question(s) for review. The motion shall contain the same elements as provided in this Rule, section (3), for a certification order. The motion shall be served and response permitted in conformity with the rules applicable to motion practice in the Supreme Court. If the motion is sustained, thereafter the case shall proceed in the same manner as any other appeal.

48. *See Commonwealth v. Ryan,* Ky., 5 S.W.3d 113, 115 (1999); *Skaggs v. Commonwealth,* Ky, 803 S.W.2d 573 (1990).

49. *Commonwealth v. Howard, supra* note 46.

50. *Commonwealth v. Blincoe,* Ky.App., 33 S.W.3d 533, 535 (2000) ("The general rule is that the taking of an appeal divests the trial court of jurisdiction to proceed further."); *Commonwealth v. Hayes,* Ky., 734 S.W.2d 467 (1987); Leslie Abramson, 9 Kentucky Practice, Criminal Practice and Procedure (3rd ed.) § 32.60 (West Group 1997) ("A trial

court has no jurisdiction over matters that have been appealed until the finality date of the appellate decision"); 5 Am.Jur.2d, Appellate Review § 422 ("The general rule that the taking of an appeal divests the trial court of jurisdiction to proceed further in the case applies to criminal cases.").

51. *Garnett v. Oliver,* 242 Ky. 25, 45 S.W.2d 815, 816 (1931) ("It is settled that if the appeal from the particular order or judgment does not bring the entire cause into the appellate court, but only sufficient of the record to present the issue as to the propriety of the particular order or judgment, further proceedings in the conduct of the cause may properly be had in the lower court.... [T]he case is often regarded as pending in the court of original jurisdiction for the purposes of proceedings...." (citations omitted)); 5 Am.Jur.2d, Appellate Review § 432 ("The taking of an interlocutory appeal generally deprives the trial court of the authority to act regarding the matter that is the subject of the appeal. The court is not, however, barred from acting in matters unrelated to the appeal.").

52. KRS 22A.020(4)(a).

53. *Eaton v. Commonwealth, supra* note 36 at 639 ("[T]his court construes the term 'proceedings' as used in KRS 422.020(4)(a) as referring to proceedings after the attachment of jeopardy.").

review of rulings made during the course of the trial. Staying the trial or retrial while pre-trial and post-trial rulings and decisions of the circuit court are reviewed on appeal, however, will not run afoul of KRS 22A.020(4)(a). Thus, once a verdict is received by the trial court, the proceedings referred to in the statute have ended, and an appeal by the Commonwealth from a new trial order will stay the order. The new trial will not commence until a final appellate decision is rendered thereon; otherwise, the appeal may become moot before a decision is rendered in the appeal because, if the new trial results in an acquittal, any further prosecution against the defendant is barred by the doctrine of double jeopardy.[54]

## VI. CONCLUSION

In summary, KRS 22A.020(4) authorizes an appeal by the Commonwealth to the Court of Appeals from a circuit court order granting a new trial to a defendant, and the appeal suspends the effect of the order pending the finality of such review. If the Court of Appeals concludes from a review of the record[55] that the trial court abused its discretion in granting a new trial, the order will be reversed and set aside, and the trial court will be directed to reinstate the verdict or judgment and sentence the defendant. We therefore remand this matter to the Court of Appeals for it to consider the merits of the Commonwealth's appeal.

LAMBERT, C.J.; COOPER, GRAVES, JOHNSTONE and WINTERSHEIMER, JJ., concur.

STUMBO, J., dissents.

STUMBO, Justice, dissenting.

Respectfully, I must dissent. I disagree with the majority's holding that the Commonwealth is not limited to seeking certification of the law when a trial court grants a motion for a new trial.

This Court has held that the Commonwealth may seek review from a trial court's granting of a new trial in a criminal case, but only for the purpose of certifying the law. *Commonwealth v. Littrell*, Ky., 677 S.W.2d 881, 885 (1984). When that rule is applied to the present case, it is clear that the Commonwealth was not attempting to have any issue of law certified by the Court of Appeals. The Court of Appeals recognized this and applied the proper rule that was handed down by this Court approximately 18 years ago. However, the Court today has seen fit to overrule *Littrell* at least with respect to limiting the Commonwealth's ability to appeal new trial orders to a certification of the law. In support of this holding, the majority relies on *Commonwealth v. Devine*, Ky., 396 S.W.2d 60 (1965) and *Commonwealth v. Lewis*, Ky., 548 S.W.2d 509 (1977). Those cases, however, can be distinguished from *Littrell* and the present case. In *Devine*, the Commonwealth was seeking a new trial as a result of the trial court's grant of a directed verdict in favor of the defendant. In *Lewis*, the Commonwealth was seeking a new trial as a result of the trial court's dismissal of a felony theft indictment. In both *Littrell* and the present case, the Commonwealth is seeking to reverse the trial court's grant of a

---

**54.** If a new trial results in an acquittal, any further prosecution against the defendant would be barred by the doctrine of double jeopardy. KY. CONST. § 13 ("No person shall, for the same offense, be twice put in jeopardy of his life or limb, nor shall any man's property be taken or applied to public use without the consent of his representatives, and without just compensation being previously made to him."); KRS 505.030(1)(a).

**55.** *See Jackson v. Commonwealth, supra* note 6 at 838.

new trial. The majority rely on the language in *Devine* that provides that the Commonwealth is allowed "an appeal not only for a certification of the law, but also for a reversal in any case in which a new trial would not constitute double jeopardy." *Devine*, 396 S.W.2d at 61. The majority's reliance on *Devine* and *Lewis* is not persuasive. Here the Commonwealth is not seeking a new trial, rather it seeks to prevent a new trial from occurring. *Devine* provides for appeal by the Commonwealth on certification of the law or a reversal in which a new trial would not put the defendant twice in jeopardy. This is a significant factual difference given the Commonwealth on the one hand wants a new trial when it does not get a ruling in its favor as opposed to when it does get one. I would not construe *Devine* and *Lewis* to have any significant impact on *Littrell* or the present case. The majority assumes that the holding of *Devine* and *Lewis* were never brought to the attention of the *Littrell* Court given neither case is mentioned in the opinion. I find it more plausible that *Devine* and *Lewis* were not mentioned in the *Littrell* opinion because the Court found them to be of no consequence to that case. *Littrell* is specific in its rule that the Commonwealth may only appeal the granting of a new trial in a criminal case for the sole purpose of certifying the law. *Devine* and *Lewis* do not concern a court granting a new trial, and are not controlling over either *Littrell* or the present case.

The majority also holds that the Court of Appeals can uphold the jury's verdict if it is determined that the trial court abused its discretion in ordering a new trial. Overturning the *Littrell* decision is not needed in order to allow an appeal for a trial court's grant of a new trial, if it is based on the trial judge's abuse of discretion. "Only what appears to be a clear abuse of that discretion should be approved for appellate review by the Attorney General." *Littrell*, 677 S.W.2d at 886. It is evident that the Commonwealth may still bring an appeal for the granting of a new trial if there is clear abuse of discretion by the trial court.

In addition, the majority's holding will be detrimental to the authority of trial courts throughout the Commonwealth. As it is mentioned in *Littrell*, the "granting of a new trial largely rests within the sound discretion of the trial judge." *Littrell*, 677 S.W.2d at 886. No one is better equipped to determine what has and has not occurred properly during trial than the trial judge herself. I fear the majority has struck a blow to the province of the trial court. If the Commonwealth is able to appeal anytime it receives an unfavorable ruling for any reason, then the Commonwealth will always appeal. In the present case, the trial court below expressed concern that the jury's verdict of guilty had been wrongfully influenced by irrelevant testimony regarding other office practices in the county clerk's office. If the trial court was concerned that any granting of a new trial it might make would always be appealed by the Commonwealth, then the trial court might be hesitant to grant a motion for a new trial when it would in fact be proper. Also, the possibility of continuous appeals by the Commonwealth will do nothing more than cause further delay in our already over-crowded judicial system.

I see no reason to overturn *Littrell*. The majority today has simply made it easier for the Commonwealth to appeal anytime it receives an unfavorable decision. Trial judges will also suffer from the majority's holding in that they will lose much-needed judicial discretion out of concern of having their decisions reversed by a higher court. For all of the above reasons, I would affirm the decision of the

Court of Appeals and uphold the trial court's grant of a new trial.